**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **FLYPSI, INC.,** | § | |
| *Plaintiff* | § | |
| | § | **6:22-CV-0031-ADA** |
| **-vs-** | § | |
| | § | |
| **GOOGLE LLC,** | § | |
| *Defendant* | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration this date is Google LLC's ("Google") Motion to Dismiss Plaintiff Flypsi's ("Flyp") Willful and Indirect Infringement Claims. ECF No. 24 (the "Motion"). Flyp filed an opposition on April 25, 2022 (ECF No. 37) to which Google replied on May 5, 2022 (ECF No. 38). After careful consideration of the Motion, the parties' briefs, and the applicable law, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Google's Motion to Dismiss **WITHOUT PREJUDICE**.

## I.     BACKGROUND

Flyp, a Delaware corporation with its principal place of business in Bedford, Texas, filed suit on January 10, 2022, against Google, also a Delaware limited liability company. ECF No. 1 ¶¶ 1–2 (the "Complaint"). Flyp's Original Complaint alleged that Google has and continues to infringe, contribute to the infringement of, and/or induce infringement of Flyp's U.S. Patent Nos. 9,667,770 (the "'770 Patent"), 10,051,105 (the "'105 Patent"), 10,334,094 (the "'094 Patent"),

11,012,554 (the "'554 Patent"), and 11,218,585 (the "'585 Patent") (collectively, the "Patents-in-Suit"). *Id.* at 10.

Google filed this Motion urging the Court to dismiss Flyp's pre- and post-suit indirect and willful infringement claims, along with Flyp's post-suit contributory infringement claims. *See generally* ECF No. 24.

## II.   LEGAL STANDARD

### A. Rule 12(b)(6) Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The Court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that

are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

There are "[t]wo working principles" that a court must use in its pleading evaluations. *Ashcroft*, 556 U.S. at 678. First, although "a court must accept as true all of the allegations contained in a complaint," that tenet does not extend to legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678–79. Thus, in considering a motion to dismiss, the Court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations, and determine whether those allegations plausibly give rise to an entitlement to relief. *Datascape, Ltd. v. Dell Techs., Inc.*, No. 1:19-CV-00605-ADA, 2019 WL 5275533, at *1 (W.D. Tex. June 17, 2019).

## B. Willful Infringement

Under Section 284 of the Patent Act, a court may increase damages for patent infringement "up to three times the amount found or assessed." 35 U.S.C. § 284. A party seeking such "enhanced damages" must show that an infringer's conduct has been "willful," or "wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04 (2016). Enhanced damages should "generally be reserved for egregious cases typified by willful misconduct." *Id.* at 106.

To state a claim for relief for willful patent infringement, a plaintiff must allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*,

No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (quoting *Välinge Innovation AB v. Halstead New Eng. Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).

### C.   Induced Infringement

Section 271(b) of the Patent Act provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To succeed on such a claim, the patentee must show that the accused infringer (1) knowingly induced direct infringement and (2) possessed "specific intent" to induce that infringement. *See MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). Willful blindness can satisfy the knowledge requirement, *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016), and circumstantial evidence may suffice to prove specific intent, *MEMC*, 420 F.3d at 1378.

To state a claim for relief for induced patent infringement, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376–77 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)). "[T]here can be no inducement or contributory infringement without an underlying act of direct infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-CV-00134-LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015). "To state a claim for indirect infringement . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d at 1336.

### D. Contributory Infringement

Section 271(c) of the Patent Act provides that:

> Whoever offers to sell or sells within the United States or imports
> into the United States a component of a patented machine,
> manufacture, combination or composition, or a material or
> apparatus for use in practicing a patented process, constituting a
> material part of the invention, knowing the same to be especially
> made or especially adapted for use in an infringement of such
> patent, and not a staple article or commodity of commerce suitable
> for substantial noninfringing use, shall be liable as a contributory
> infringer.

35 U.S.C. § 271(c). Contributory infringement of a patented device involves the sale, offer to

sell, or importing of a component of the device, which is "not itself technically covered by the

claims of a product or process patent." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d

1464, 1469 (Fed. Cir. 1990). Unlike induced infringement, contributory infringement requires

"only proof of a defendant's *knowledge*, not *intent*, that his activity cause[s] infringement." *Id.*

(emphasis in original). But "[l]ike induced infringement, contributory infringement requires

knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v.

Cisco Sys., Inc*., 575 U.S. 632, 639 (2015).

To state a claim for contributory infringement, "a plaintiff must plausibly allege that the

accused infringer knew of the asserted patents . . . and must 'plead facts that allow an inference

that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v.

Ball Corp*., 735 F. App'x 708, 713 (Fed. Cir. 2018) (first citing *Commil*, 575 U.S. at 639; and

then quoting *In re Bill of Lading*, 681 F.3d at 1337).

### III.   ANALYSIS

Google argues that Flyp cannot state a plausible claim for pre-suit indirect and willful

infringement because Google lacked knowledge of the Patents-in-Suit prior to the filing of the

Complaint. ECF No. 24 at 4. Google also argues that Flyp is unable to plead facts sufficient to

state a plausible claim for post-suit indirect or willful infringement. *Id.* at 7. Last, Google contends that Flyp's allegations of post-suit contributory infringement are deficient. *Id.* at 8. The Court takes each of these arguments in turn.

### A. Flyp Has Not Sufficiently Pleaded Knowledge for Pre-Suit Willful and Indirect Infringement.

To survive a motion to dismiss, Flyp must plead facts that support a finding of actual knowledge of the patents, or willful blindness. *Parity Networks*, 2019 WL 3940952, at *3 (quoting *Välinge*, 2018 WL 2411218, at *13) (for willful infringement, a plaintiff must allege facts plausibly showing that the accused infringer "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent."); *see also MEMC Electr. Materials*, 420 F.3d at 1378 (stating that a patentee must show the accused infringer (1) knowingly induced direct infringement and (2) possessed "specific intent" to induce that infringement"). Here, Flyp relies on facts surrounding a meeting between Mr. Rich Miner of Google Ventures and Mr. Peter Rinfret, Flyp's founder and named-inventor. Those allegations read as follows:

> 19.    From 2012 until early 2017, Google made no major revisions to Google Voice. Instead, according to industry observers, Google let Google Voice languish in disrepair for five years.  (See  https://gizmodo.com/five-years-later-google-finally-remembers-google-voice-1791532022 ("Unfortunately, over the years, Google let the nifty little voice service fall into relative disrepair—until today, that is. For the first time in five—yes, five—years, Google Voice is getting a major UI update.")
>
> 20.    In the interim, Mr. Rich Miner, general partner at GV (formerly Google Ventures) requested and scheduled a meeting with Flyp's founder and named-inventor, Peter Rinfret. The meeting requested by Google Ventures occurred on November 12,

2015, during which Mr. Miner and Mr. Rinfret discussed Flyp's technology, business, and patent filings.

21.    A little more than one year later, in January 2017, Google updated Google Voice. In addition to user-interface improvement, the revised Google Voice employed new call mechanisms that infringe Flyp's Asserted Patents.

ECF No. 1 ¶¶ 19–21.

Flyp argues that considering the above facts in the light most favorable to Flyp, the Court can infer "that Google either knew about the Asserted Patents when they issued or was willfully blind to their existence." ECF No. 37 at 5. Specifically, Flyp invites the Court to "infer that Google, a sophisticated party that sent a high-level executive to inspect Flyp's technology and pending applications, and then incorporated Flyp's technology into its Google Voice product, would have tracked those pending applications and been aware of the Asserted Patents—or it was willfully blind to their existence if it buried its head in the sand after copying the technology disclosed in them." *Id.* at 5–6. Flyp heavily relies on *Simplivity Corp. v. Springpath, Inc.*, No. CV 4:15-13345-TSH, 2016 WL 5388951 (D. Mass. July 15, 2016), arguing that the case is analogous to the facts in this case as both share competitors and investigations of the patentee's technology before the issuance of the asserted patents, followed by a commercial product release that incorporates the patentee's patented technology. ECF No. 37 at 5.

Google challenges the sufficiency of Flyp's arguments on reply, insisting that Flyp fails to allege "willful blindness" or facts to support an inference of "actual knowledge." ECF No. 38 at 2. Underlying each of these arguments, Google argues that Flyp also fails to address that Mr. Miner was a general partner at Google Venture, who is not a defendant in this action. *Id.* at 3. Flyp improperly asks the Court to impute his knowledge to Google but fails to allege an "alter

ego" theory or "grounds to pierce Google's corporate veils." *Id.* Thus, Google insists that it is facially implausible to infer that knowledge of Flyp's pending patent applications by a non-Google employee equates to knowledge by Google of the issued patents. ECF No. 24 at 1.

The Court finds that Flyp has failed to meet its pleading burden as to pre-suit knowledge of the patents because Flyp fails to plead facts that support a willful blindness theory, no facts are alleged that support Google's actual knowledge, and Flyp does not allege facts that sufficiently allow for an inference to impute any knowledge Mr. Miner allegedly has to Google.

The Supreme Court identified two basic requirements to appropriately limit the scope of willful blindness to one that "surpasses recklessness and negligence." Those requirements include: "(1) The defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770 (2011). Thus, "a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.* at 769. Flyp's allegations do not meet this standard. Flyp's allegations do not address any policies or actions by Google such that it took deliberate actions to avoid learning of the issuance of the Patents-in-Suit. Instead, Flyp asks this Court to draw an inference that because Mr. Miner, of Google Ventures, sought a meeting with Mr. Rinfret to discuss non-specific technology, business, and patent filings, Google's later implementations in a January 2017 update necessarily infringe and illustrate actions to remain willfully blind to the existence of the Patents-in-Suit. This is a stretch too far. No facts are alleged that the discussions specifically centered on the Patents-in-Suit, nor that Google chose not to monitor the patent filings. Importantly, nothing indicates that *Google*

was willfully blind to the patent filings. This is an important distinction from the *Simplivity* case, where the founder *of the defendant* was alleged to have asked a number of specific engineering-related questions without disclosing his identity. 2016 WL 5388951, at *2.

Flyp's arguments regarding actual knowledge are similarly deficient. None of the allegations allege that *Google* had actual knowledge of the patents. And knowledge of patent applications generally without more is insufficient to satisfy the knowledge requirement. *See, e.g.*, *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe *a patent*, the patent must exist and one must have knowledge of it.") (emphasis in original). Of course, knowledge of patent filings alone does not establish a per se rule against knowledge of the patents sufficient for a willful or induced infringement claim. *See WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018). In fact, "a party's exposure to a patent application may give rise to knowledge of a later issued patent." *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2019 WL 7905455, at *5 (E.D. Tex. Oct. 23, 2019). Here, Flyp provides allegations that tell a compelling story. Indeed, such allegations could typify a sufficient inference of actual knowledge *if the actual defendant was aware of the patent filings*. Here, the deficiency lies in a failure to allege *Google's* actual knowledge of either the patents or the patent filings. Additionally, only the '770 Patent, at the time of the meeting U.S. Application No. 14/307,052, was pending. The remaining Patents-in-Suit were filed about one and a half to five and a half years after the November 12 meeting. Flyp fails to provide allegations regarding knowledge of the remaining Patents-in-Suit. Therefore, no reasonable inferences can be drawn that Google knew of the '770 Patent, much less the remaining Patents-in-Suit.

Google's final argument is that Google Ventures and Google are distinct corporate entities and that Mr. Miner's knowledge cannot be imputed absent an alter ego theory, which is not pleaded in the Complaint. But this is not necessarily required. *See Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*, No. 7:19-CV-00026-DC, 2019 WL 3818049, at *4 (W.D. Tex. June 13, 2019) (finding that "Plaintiff has sufficiently articulated facts from which a finder of fact could conclude that this knowledge was imputed to all the other Defendants through the common ownership and governance of each company" for a motion to dismiss claims of indirect infringement); *Hockerson-Halberstadt, Inc. v. JSP Footwear, Inc.*, 104 F. App'x 721, 725 (Fed. Cir. 2004) (reversing summary judgment that notice could not be imputed, further clarifying that such an "outcome could create a perverse incentive and method to disguise the true identity of an infringing party" and that "[s]everal layers of corporate disguise could successfully frustrate adequate notice"); *Mobile Telecomms. Techs., LLC v. Blackberry Corp.*, No. 3:12-CV-1652-M, 2016 U.S. Dist. LEXIS 55206, at *7–8 (N.D. Tex. Apr. 26, 2016) (holding that "the specific facts establishing that knowledge may be imputed" did not need to "be alleged in order to avoid dismissal at the pleading stage"); *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-CV-00546-JRG, 2020 U.S. Dist. LEXIS 52162, at *15–16 (E.D. Tex. Mar. 25, 2020) (holding that allegations of infringement against "Defendants," encompassing related entities, was sufficient to provide "fair notice" of the claims). However, as is clear in each of the above-cited cases, the pleadings always referenced at least a relationship between the non-party and named defendants sufficient to create a reasonable inference for knowledge to be imputed from one to another. Here, the pleadings provide nothing regarding the relationship between Google Ventures and Google, or how said knowledge could be imputed from Mr. Miner to Google. In the absence of

any of these factual allegations, the Court cannot reasonably infer that Mr. Miner's meeting with Flyp creates knowledge by Google of the Patents-in-Suit.

This Court recently found that a notice letter to one entity was sufficient to impute knowledge to the remaining entities, given the plaintiff's pleadings. *See ACQIS LLC v. Lenovo Grp. Ltd.*, No. 6:20-CV-00967-ADA, 2022 WL 2705269, at *7 (W.D. Tex. July 12, 2022). However, the pleadings in *ACQIS* contain a determinative difference to Flyp's: *ACQIS* pleaded that the defendants were "a multinational conglomerate that operates under the name 'Lenovo.'" *Id.* Here, the closest Flyp gets to attributing knowledge between Mr. Miner and Google is in ¶ 33 of the Complaint, which states: "On information and belief, Google had knowledge of Flyp, its patent applications, and/or its issued patents at least as early as November 12, 2015. On that date, Rich Miner, general partner at GV (formerly Google Ventures) and co-founder of Android, met with Flyp to discuss its technology, business, and patent filings on November 12, 2015. In addition, Google received actual notice of the '770 Patent at least as early as the filing of this Original Complaint." But the Court will not entertain inferential connections between two companies without proper allegations of how the knowledge would flow from one to another. Aside from a common name, Flyp fails to plead the relationship between the two, requiring this Court to speculate beyond a reasonable inference.

## B. Flyp's Post-Suit Claims For Indirect and Willful Infringement are sufficiently pleaded.

"Serving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct. So long as the complaint also adequately alleges that the defendant is continuing its purportedly infringing conduct, it will satisfy all three *Parity* elements

and sufficiently plead a post-filing/post-suit willful infringement claim." *BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528, 2022 WL 299733, at *4 (W.D. Tex. Feb. 1, 2022). Google maintains that Flyp relies solely on the Complaint to establish Google's post-suit knowledge of the Patents-in-Suit. Google argues the Complaint alone is insufficient to give rise to the reasonable inference required to survive a motion to dismiss. This Court disagrees. As noted above, serving a complaint has been found to be sufficient to establish post-suit knowledge of issued patents. This conclusion is not a novel one. *Id.* Because Flyp adequately pleaded that the Complaint provided Google with knowledge of the Patents-in-Suit, the Court finds that it has met its burden. ECF No. 1 ¶¶ 33, 36, 45, 48, 57, 60, 72, 75, 86, 89. Google also argues that Section VII of the Court's Order Governing Proceedings in Patent Cases (the "OGP") eliminates the practical issue of knowledge provided by a complaint. But this Court's OGP did not eliminate post-suit indirect or willful infringement claims. Instead, the purpose was to provide the parties the ability to avoid motion practice to dismiss such claims and bring them after fact discovery when additional facts are available to substantiate the claims. But not every willfulness or indirect claim requires discovery to meet the necessary pleading standard. Here, Plaintiff provides a compelling story that falls just shy of the standard. And discovery is likely unnecessary to substantiate post-suit willfulness and indirect infringement claims as the Complaint generally satisfies all three *Parity* elements. Google's arguments regarding the OGP are misplaced.

**C. Flyp's Pleadings of Contributory Infringement are Deficient.**

Google further moves that Flyp's contributory infringement claim be dismissed on the grounds that Flyp (1) does not sufficiently allege that the accused functionality is either a component or a material part of the claimed invention and (2) does not sufficiently allege that the

accused functionality has no substantial non-infringing uses. ECF No. 24 at 9. Google maintains that Flyp merely provides threadbare recitals of the elements of a contributory infringement claim.

Flyp argues that its allegations support a "reasonable inference that the accused functionality is a component or material part of the claimed invention." ECF No. 37 at 9. Flyp argues that its descriptions of the inventions and the solutions they provided include material functionality, such as "server-side functionality through hardware and software that route calls according to the patents through switches and servers that Google provides or controls." *Id.* at 9–10 (citing ECF No. 1 ¶¶ 39–40, 51–52, 65–66, 78–99). Flyp further argues that the surrounding context of the allegations in the Complaint supports sufficient pleading for "no substantial non-infringing uses." The Complaint "incorporates instructions from Google to its users on how to use the accused functionality, all of which are directed to infringing use." *Id.* at 10.

Flyp's allegations of contributory infringement recite as follows:

> Upon information and belief, Google indirectly infringes the [Patents-in-Suit] by . . . contributing to infringement by others, such as resellers, partners, and end-user customers. Upon information and belief, direct infringement is (1) the result of activities performed by resellers, partners, and end-user customers of Google Voice, who perform each step of the claimed invention as directed by Google, or (2) the result of activities performed by resellers, partners, and end-user customers of Google Voice in a normal and customary way that infringes the [Patents-in-Suit], that has no substantial non-infringing uses, and that is known by Google.

ECF No. 1 ¶¶ 32, 44, 56, 71, 85.

Given this Court's ruling on lack of knowledge both pre- and post-suit, the outstanding question is whether Flyp's post-suit contributory infringement claims serve as currently pleaded.

To state a claim for contributory infringement, "a plaintiff must plausibly allege that the accused infringer knew of the asserted patents . . . and must 'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x at 713 (first citing *Commil*, 575 U.S. at 639; and then quoting *In re Bill of Lading*, 681 F.3d at 1337). This Court previously held that a plaintiff must also "allege that the defendant's accused product is material to practicing the claimed invention." *Modern Font Apps. LLC v. Red Lobster Hosp. LLC*, No. 6:21-CV-00470-ADA, slip op. at 7 (W.D. Tex. Jan. 28, 2022). Accordingly, the Court must determine whether Flyp sufficiently pleads materiality and no substantial non-infringing uses. The Court holds that Flyp's Complaint satisfies the latter element, but not the former.

Flyp's pleadings suffice to show that the components sold or offered for sale have "no substantial non-infringing uses." Unlike the facts in *BillJCo*, where the plaintiff made wholly conclusory statements alleging that iPhones and iPads have no substantial non-infringing uses and failing to focus its allegations on any specific components, *see BillJCo*, 2022 WL 299733, at *9, Flyp's allegations are targeted to a "long-standing problem with the Google Voice product." ECF No. 1 ¶¶ 12, 20–21. Google's pleading demands place a heavy and unnecessary burden on Flyp to prove a negative in its pleadings—more than is required by the Federal Circuit. *See Merck Sharp & Dohme Corp. v. Teva Pharm. USA, Inc.*, No. 14-874-SLR-SRF, 2015 WL 4036951, at *7 (D. Del. July 1, 2015) (citing *In re Bill of Lading*, 681 F.3d at 1339) ("The Federal Circuit has ruled that affirmatively pleading the absence of substantial non-infringing uses renders the claim plausible if the pleadings do not undermine that allegation."); *see also Driessen v. Sony Music Entm't*, No. 2:09-CV-0140-CW, 2013 WL 4501063, at *2 (D. Utah Aug. 22, 2013) (denying motion to dismiss and concluding that a plaintiff is not required "to plead a

null set under the plausibility standard of *Twombly* and *Iqbal*—that it is impossible to plead with specificity something that does not exist.").

However, Flyp fails to address materiality. Flyp's response provides ample citations to the Complaint, but each of cited allegations simply summarize the functionality recited in the claims of the Patents-in-Suit. *See, e.g.*, ECF No. 1 ¶¶ 39–40, 51–52, 65–66, 78–99. They do not, as is required, address whether Google Voice constitutes a material part of the invention of the Patents-in-Suit. The inferences Flyp requests this Court make are a stretch too far but can be easily corrected with amended pleadings. It is notable that Flyp filed its Complaint without the benefit of this Court's order in *Modern Font v. Red Lobster*. With the benefit of this Court's order recognizing the need for materiality, the Court will grant leave to *Flyp* to amend and nudge its pleadings across the line to specifically allege materiality.

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Google's Motion to Dismiss. The Court **DENIES** Google's Motion to Dismiss as to Flyp's post-suit indirect and willful infringement claims. The Court **GRANTS** Google's Motion to Dismiss as to Flyp's contributory and pre-suit indirect and willful infringement claims.

But the Court recognizes that it may be impossible for Flyp to allege Google's pre-suit knowledge without the benefit of fact discovery. So, in accordance with the Court's usual practice, the Court permits Flyp to amend its Complaint after the start of fact discovery and before the deadline for amended pleadings to re-plead contributory infringement and pre-suit indirect and willful infringement claims, if able.

SIGNED this 22nd day of August, 2022.


ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE