# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| FLYPSI, INC., (D/B/A FLYP), | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:22-cv-00031-ADA |
| GOOGLE LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § | |

**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFF FLYPSI, INC.'S NOTICE OF SUPPLEMENTAL CLAIM CONSTRUCTION EVIDENCE**

Flyp's Notice of Supplemental Claim Construction Evidence asserts that the testimony of Google's venue fact witness, ███████, is evidence that the claim terms "primary telephone number" and "secondary telephone number" are not indefinite to persons of ordinary skill in the art. Dkt. 59. This assertion is incorrect for two reasons.

First, the cited testimony does not undermine Google's position. The fact that a single individual, Mr. ███, has a personal understanding of "primary" and "secondary" telephone numbers in a context divorced from the asserted patent claims does not mean that a POSITA would be reasonably certain of the terms' meanings as used in the patents. Dkt. 52 at 3–4. Mr. ███'s understanding (which is anything but "clear," Dkt. 59) does nothing to "resolve the ambiguity" in the patents' intrinsic record. *See Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1342 (Fed. Cir. 2015). And it is indisputable that the intrinsic record, not disconnected witness testimony, must provide "objective boundaries for those of skill in the art." *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1372–74 (Fed. Cir. 2014).

Second, Flyp omits that Mr. ███ had not, and has not, reviewed the asserted patents or asserted claims in which the terms "primary telephone number" and "secondary telephone number" appear.[1] Dkt. 59, Ex. A at 65:8–11 ("███████████████████████████████████████████████████████████████████████"); *see also id.* at 65:22–66:20. Mr. ███'s testimony is thus irrelevant to the Court's claim construction analysis because it was not given in the context of the asserted patents. *See Panasonic Corp. v. Magna Int'l Inc.*, No. 6:21-cv-00319-ADA, 2022 WL 625089, at *4 (W.D. Tex. Mar. 3, 2022). Mr. ███'s

---

[1] None of Flyp's 30(b)(6) deposition topics related in any way to Mr. ███'s understanding of the disputed claim terms, as Flyp's deposition was limited only to those topics relevant to Google's motion to transfer.

testimony cannot save the disputed terms from their fundamental indefiniteness as used in the asserted patent claims.

DATED: October 20, 2022						Respectfully Submitted,

*/s/ Robert W. Unikel*
Robert W. Unikel (*Pro Hac Vice*)
robertunikel@paulhastings.com
John A. Cotiguala (*Pro Hac Vice*)
johncotiguala@paulhastings.com
Daniel J. Blake (*Pro Hac Vice*)
danielblake@paulhastings.com
Grayson S. Cornwell (*Pro Hac Vice*)
graysoncornwell@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Robert R. Laurenzi (*Pro Hac Vice*)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Elizabeth Brann (*Pro Hac Vice*)
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Joshua Yin (*Pro Hac Vice*)
joshuayin@paulhastings.com
David M. Fox (*Pro Hac Vice*)
davidfox@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Paige Arnette Amstutz
State Bar No.: 00796136
pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2022, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and by email.

*/s/ Robert W. Unikel*
Robert W. Unikel

-3-