IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FLYPSI, INC. (D/B/A FLYP),<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 6:22-cv-31-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF FLYP'S MOTION TO STRIKE THE EXPERT OPINIONS OF
CHRIS MARTINEZ ON THE COST OF NON-INFRINGING ALTERNATIVES**

i

## TABLE OF CONTENTS

I.  ARGUMENT ............................................................................................................................. 1
   A.  Martinez's ▓▓▓▓▓▓▓ Non-Infringing Alternative (All Patents) Should Be Excluded. ............................................................................................................. 2
   B.  Martinez's ▓▓▓▓▓▓▓ Non-Infringing Alternative (Inbound Only) Should Be Excluded. ............................................................................................................. 6
   C.  Martinez's Cost to Implement Opinions Should Be Excluded. ..................................... 7
II. CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*,
   2016 WL 7157522 (S.D. Tex. Dec. 7, 2016)..................................................................10

*Daedalus Blue LLC v. SZ DJI Tech. Co.*,
   Case No. W-20-CV-73-ADA, 2022 WL 831619 (W.D. Tex. Feb. 24, 2022)..................1

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)....................................................................................................1, 8

*Function Media, L.L.C. v. Google, Inc.*,
   2010 WL 276093 (E.D. Tex. Jan. 15, 2010).................................................................10

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
   185 F.3d 1341 (Fed. Cir. 1999)...................................................................................1, 2

*Longhorn HD LLC v. NetScout Sys., Inc.*,
   Case No. 2:22-CV-349, 2022 WL 991696 (E.D. Tex. Mar. 31, 2022) ...........................2

*Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*,
   Case No. 16-cv-13456, 2019 WL 3334563 (E.D. Mich. Jul. 25, 2019) ......................4, 5

**Other Authorities**

Fed. R. Civ. P. 26..............................................................................................................1, 9

Fed. R. Civ. P. 26(e)(1).........................................................................................................9

Fed. R. Civ. P. 37..................................................................................................................9

Fed. R. Evid. 602..................................................................................................................5

Fed. R. Evid. 701.........................................................................................................5, 7, 8

Fed. R. Evid. 702.........................................................................................................*passim*

## TABLE OF EXHIBITS[1]

| No. | Brief Description |
|-----|-------------------|
| 1 | Expert Report of Christopher A. Martinez with Respect to Damages (dated October 10, 2023) |
| 2 | Deposition Transcript of Christopher A. Martinez (dated October 31, 2023) |
| 3 | Google's Third Supplemental Objections and Response to Flyp's First Set of Interrogatories (Nos. 1–10) (served August 22, 2023) |
| 4 | Google's Objections and Responses to Flyp's Notice of Rule 30(b)(6) Deposition (served July 31, 2023) |

---

[1] The undersigned hereby states that true and correct copies of the exhibits noted here are attached to this Motion.

███████████████████████████████████████████

Google's damages expert proffers unreliable and conclusory opinions regarding non-infringing alternatives. The Federal Circuit has warned that a "trial court must proceed with caution in assessing proof of the availability of substitutes not actually sold during the period of infringement," because "[a]fter all, the infringer chose to produce the infringing, rather than the noninfringing, product." *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999). Here, such caution demands that the Court exercise its gatekeeping role under Rule 702 and *Daubert* to exclude Mr. Martinez's non-infringing alternative opinions—███ ███████████████████████████████████.

As the Court is familiar with general motion-to-strike standards and related legal precedents under both FRCP 26 and FRE 702, Flyp will refrain from reciting them here. *See Daedalus Blue LLC v. SZ DJI Tech. Co.*, Case No. W-20-CV-73-ADA, 2022 WL 831619, at *2–3 (W.D. Tex. Feb. 24, 2022) (citing, *inter alia*, Fed. R. Civ. P. 26, Fed. R. Evid. 702, and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993)). Rather, Flyp will focus below on the legal precedents specific to this Motion.

I.   **ARGUMENT**

As the Court may recall from prior proceedings, the Asserted Patents all set forth methods for providing telephone service using multiple ("secondary") phone numbers on a single device. Broadly, the '770 and '105 Patents address inbound calls to a secondary number (the "Inbound Patents"), while the '094, '554, and '585 Patents address outbound calls made from the secondary number (the "Outbound Patents").

Google's damages expert, Mr. Chris Martinez ("Martinez"), advances two non-infringing alternative theories that assume in a conclusory fashion that Google could merely █████ ███████████. First, for all Asserted Patents (both Inbound and Outbound), Martinez

1

argues that Google could ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Second, for the Inbound Patents only, Martinez argues that Google could ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Martinez conducted no analysis himself to determine whether such alternatives would be acceptable or available. Rather, Martinez relies entirely on Google's technical expert (Dr. Gottesman) and a Google engineer ▇▇▇ for that analysis. Dr. Gottesman and ▇▇▇ analyses, however, are conclusory and fundamentally flawed. Without his own analysis, Martinez cannot merely parrot the flawed conclusions of others.

Google also offers for the first time in this case, via Martinez's rebuttal report, an analysis of the cost to implement these two ▇▇▇ alternatives. Despite Flyp requesting such analysis during fact discovery, Google did not provide any such estimates or analysis either via interrogatory responses or a prepared 30(b)(6) corporate deponent. Google then inexplicably provided Martinez with such information via engineer ▇▇▇. ▇▇▇ provided Martinez with the bare conclusion that the implementation of such ▇▇▇ would ▇▇▇▇▇▇▇▇▇." Indeed, Martinez admitted the conclusory nature of his opinions here during his deposition—admitting (1) that he had no knowledge of what analysis ▇▇▇ conducted to reach these conclusions, (2) that he did no analysis himself at all regarding the acceptability or implementation costs of these alternatives, and (3) that he merely accepted the conclusions of ▇▇▇, a lay witness. Martinez's reliance on untimely and conclusory lay opinion should be excluded.

A. **Martinez's ▇▇▇▇▇▇▇ Non-Infringing Alternative (All Patents) Should Be Excluded.**

It is well-settled that the accused infringer bears the burden of proving that a non-infringing alternative is both "available" and "acceptable" to consumers. *See Grain Processing Corp.*, 185 at 1353–55 (Fed. Cir. 1999); *Longhorn HD LLC v. NetScout Sys., Inc.*, Case No. 2:22-CV-349, 2022 WL 991696, at *4 (E.D. Tex. Mar. 31, 2022) (holding that "[a] reliable opinion on whether a

product is or is not a non-infringing alternative is incomplete without opining whether the product is both 'available' and 'acceptable'").

Here, the entirety of Martinez's opinions regarding the availability and acceptability of the proposed ▬▬▬ is in paragraphs 131 and 134 of his Report. Paragraph 131 is reproduced in full below:



(Martinez Report at ¶ 131). Following this paragraph, Martinez offers a single sentence regarding a conversation with Google engineer ▬. Together paragraphs 131 and 134 are the whole of Martinez's opinion regarding the ▬▬▬:



(*Id.* at ¶ 134).

Setting aside ▬ conclusory statement on cost to implement (which is addressed below in Section C), Martinez relies entirely on Dr. Gottesman and engineer ▬ to establish availability and acceptability. Martinez's report does not indicate that he himself did any analysis to determine availability and acceptability himself. In addition, Martinez testified that he merely asked engineer ▬ for his conclusion and merely accepted it at face value. (Martinez Transcript at 122:25–123:1 ▬▬▬

3

▬▬▬"). Similarly, Martinez had no understanding of the analysis that either ▬ or Dr. Gottesman employed to reach the conclusion on which he relies. (*See id.* at 121:6–126:5).

Martinez's reliance on Dr. Gottesman and ▬ to establish availability and acceptability is misplaced and conclusory. As to Dr. Gottesman, his opinions regarding the acceptability and availability of this ▬▬▬ are unreliable and conclusory. As set forth in Flyp's co-pending motion to strike Dr. Gottesman's opinions, Dr. Gottesman utilized the wrong framework and merely assumed, without any analysis whatsoever, that Google would be able to ▬▬▬. Because Martinez conducted no analysis himself on these issues, his function is reduced to acting as a mouthpiece for Dr. Gottesman's unreliable and conclusory opinions.

As to engineer ▬ Martinez's reliance on ▬ for commercial acceptability is even more problematic. First, there is no information in the record as to how ▬ reached his conclusion that ▬▬▬ was commercially acceptable. Martinez admitted that he did not inquire into what analysis was conducted. (Martinez Transcript at 121:25–123:1). As a result, the representation is wholly conclusory and unsupported by any facts. Indeed, Mr. Martinez admitted as ▬▬▬." (*Id.* at 122:25–123:1). On this basis alone, Martinez's reliance on engineer ▬ for commercial acceptability should be stricken. Fed. R. Evid. 702 (expert opinions must be based on sufficient facts and data, and the product of reliable principles and methods).

Martinez's reliance on engineer ▬ can also be independently stricken as improper opinion testimony by a lay witness. While an expert can rely on lay witnesses for their personal knowledge as to foundational facts, an expert cannot simply serve as a mouthpiece for what would otherwise be improper lay-opinion testimony. *See Webasto Thermo & Comfort N. Am., Inc. v.*

4

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*BesTop, Inc.*, Case No. 16-cv-13456, 2019 WL 3334563, at *5–7 (E.D. Mich. Jul. 25, 2019) (precluding expert opinion on non-infringing alternatives based on lay testimony of commercial acceptability). As the Court is aware, while lay witnesses usually testify only to matters of which they have personal knowledge (FRE 602), FRE 701 provides limited exceptions to that general rule. Fed. R. Evid. 701. Lay-opinion testimony may be proffered only if it is "(a) rationally based on the witness's perception," is "(b) helpful to clearly understanding the witness's testimony or determining a fact in issue," and is "(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Here, the information conveyed by ▮▮▮ to Martienz goes beyond the bounds of acceptable lay-opinion testimony. The hypothetical of whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and be commercially acceptable is well beyond engineer ▮▮▮ percipient factual knowledge and personal experiences. Moreover, as recognized in *Webasto*, the inquiry of whether a product is a commercially acceptable alternative to a patent necessarily involves an understating of the patents and claims at issue—which ▮▮▮ does not have and is clearly within the scope of Rule 702 expert opinion. *Webasto*, 2019 WL 3334563, at *6 ("even assuming [engineer] has any knowledge of whether or not the alternative design around would have been an 'acceptable' alternative, which is certainly not indicated in [the expert] Report, any opinion that the proposed design would provide all the same benefits of the [patent] and would be an acceptable alternative to consumers would involve explaining to a jury what consumers valued in the [patent] and why and how the alleged proposed alternative design-around satisfied those customer preferences and demands—also manifestly beyond the scope of [engineer's] percipient factual knowledge and personal experiences"). Clearly, ▮▮▮ was not disclosed in this case as a Rule 702 expert and Martinez cannot launder

5

███████████

for Google otherwise impermissible lay-opinion testimony.

    **B.    Martinez's ███████ Google Voice Non-Infringing Alternative (Inbound Only) Should Be Excluded.**

As with the ███████, Martinez's entire opinion regarding a ███████ alternative is found in a just a few paragraphs. Again, Martinez relies on the single sentence found in paragraph 134 on his conversation with ███. In addition, Martinez relies on the following two paragraphs related to conversations with Dr. Gottesman:



As before, Martinez relies entirely on Dr. Gottesman and engineer ███ to establish the availability and acceptability of ███████. As before, Martinez conducted no independent analysis himself, is unsure of what analysis Dr. Gottesman or ███ conducted, and merely accepted their conclusions at face value. (Martinez Transcript at 121:6–126:5).

As with the ███████, Martinez's reliance on Dr. Gottesman and ███ for the ███████ is misplaced. As before, Dr. Gottesman's opinions regarding this alternative are based on an incorrect framework, are unsupported and conclusory, and thus Martinez cannot simply parrot such unreliable opinions.

6

Similarly, Martinez's reliance on ▮ fails here for all the same reasons as before. Martinez's reliance on ▮ is conclusory by Martinez's own admission and there are no facts on the record to support ▮ analysis whatsoever. There is no information in the record as to how ▮ reached his conclusion on acceptability and Martinez admits that he does not know what analysis was conducted. (Martinez Transcript at 121:25–123:1). As a result, the representation is wholly conclusory and unsupported by any facts. In addition, ▮ conclusions as to ▮ lay-opinion testimony and must be excluded under Rules 701 and 702.

Thus, for all the same reasons that ▮ alternative should be stricken from the Martinez Report, ▮ alternative must also be stricken.

## C. Martinez's Cost to Implement Opinions Should Be Excluded.

Setting aside availability and acceptability, Martinez relies on engineer ▮ for one additional opinion—that these alternatives would take minimal resources to implement. This opinion should be stricken as both unreliable and untimely.

The entirety of Martinez's analysis related to this cost opinion is again found in paragraph 134:



(*Id.* at ¶ 134 (emphasis added)). The Martnez Report contains no additional analysis (qualitative or quantitative) of the cost to implement these alternatives. As a result, this cost opinion is fatally unsupported by any facts and is conclusory.

Martinez admitted as much during his deposition. Martinez admitted that ▮ only provided him with the bare conclusion and no additional guidance:



▮▮▮

(Martinez Transcript at 124:1–11). To that end, Martinez testified that he did not know what analysis ▮ conducted to reach his conclusion. (*Id.* at 123:18–25 and 125:17–20 (▮▮"). And Martinez admitted that he conducted no independent analysis to confirm ▮ bare conclusion, including determining whether ▮▮ (*id.* at 124:12–125:16). This cost opinion must be stricken for what it is by Martinez's own admission—a bare, unsupported conclusion.

Moreover, Martinez's reliance on engineer ▮ should again also be stricken as improper lay opinion. While engineer ▮ might have experience related to normal roll-outs of new versions of Google Voice, any evidence that he has experience with ▮▮ is absent from the record and the Martinez Report. It is well-settled that the proponent of expert testimony must prove its admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592. Google and Martinez have no evidence here that such ▮ are rationally tied to ▮ knowledge or perception. Based on this record, ▮ conclusions here are not facts with which he has experience, but instead are wholesale speculation and opinion that require technical or other specialized knowledge within the scope of Rule 702. ▮ conclusion here that costs would be ▮ would require technical knowledge of ▮▮ and would require specialized knowledge about ▮▮ These conclusions are improper lay-opinion testimony under Rule 701, and again

8

Martinez cannot be permitted to launder such improper testimony through his Report.

Finally, the ████/Martinez cost opinion should be stricken as untimely under Rules 26 and 37. "A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). And, if a party fails to provide information or identify a witness as required by the Rule, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Here, Flyp served the following Interrogatory on Google at the outset of fact discovery:

> Interrogatory No. 8: For each Asserted Patent, Describe in Detail each alleged non-infringing alternative that you contend can be used as an alternative to each Asserted Patent, including, but not limited to, (a) a description of each alleged non-infringing alternative, (b) a description of when and how each alleged non-infringing alternative was developed, (c) the identity of individuals involved in developing and/or most knowledgeable about each alleged non-infringing alternative (if applicable), <u>(d) costs associated with developing and implementing each alleged non-infringing alternative, (e) steps and the time required to develop and implement each alleged non-infringing alternative</u>, and (f) any evidence of actual commercialization (to the extent such alleged noninfringing alternative was commercialized) or planned commercialization.

(Ex. 3 at 29–34 (emphasis added)). Throughout discovery, Google responded to this Interrogatory by merely identifying its purported alternatives, including ████████. At no time during fact discovery and at no time since has Google provided any information regarding costs, steps, or time to implement any such alternative even though they were specifically requested by Flyp. And Google cannot argue here that such information was the province of expert discovery or testimony such that it could not be disclosed during fact discovery. As established above, the only source of

9

such information was ▇—a fact witness. Google's expert, Martinez, conducted no analysis of costs, steps, or time to implement. Google has no reasonable explanation for withholding this information during fact discovery and Flyp has been prejudiced by not being able to challenge Google's bare conclusion on cost during discovery.

Indeed, Google's failure to disclose is compounded by its additional failure to identify a 30(b)(6) witness on the topic of non-infringing alternatives. A party may not proffer through an expert facts that the party's 30(b)(6) witnesses denied knowing. *See Function Media, L.L.C. v. Google, Inc.*, 2010 WL 276093, at *3 (E.D. Tex. Jan. 15, 2010) (striking party's expert opinions relying on facts its 30(b)(6) witness claimed not to know); *DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, 2016 WL 7157522, at *3 (S.D. Tex. Dec. 7, 2016) ("Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition"). In response to Flyp's 30(b)(6) topic 6, which requested information regarding any attempts, plans, or efforts to implement any identified alternative (Ex. 4 at 12–13), Google stated that it was "not aware of any relevant, non-privileged information about this Topic as to which any designated witness could testify" (*id.*), but months later provided such information to Martinez via engineer ▇.

Google's failure to timely disclose the cost information that Martinez now attempts to rely upon was not justified or harmless. The Martinez/▇ cost conclusion should be stricken due to this failure, its unreliability as a bare, unsupported conclusion, and as improper lay opinion.

## II.  CONCLUSION

For these reasons, the Court should exclude in their entirety Martinez's two proposed non-infringing alternatives. Additionally, the Court should exclude Martinez's wholly conclusory cost-to-implement opinion for the same reasons.

DATED: November 14, 2023

Respectfully submitted,

/s/ *Thomas M. Melsheimer*
**Thomas M. Melsheimer**
Texas Bar No. 13922550
tmelsheimer@winston.com
**M. Brett Johnson**
Texas Bar No. 00790975
mbjohnson@winston.com
**Michael A. Bittner**
Texas Bar No. 24064905
mbittner@winston.com
**C. Charles Liu**
Texas Bar No. 24100410
ccliu@winston.com
**Steven R. Laxton**
Texas Bar No. 24120639
slaxton@winston.com
**WINSTON & STRAWN LLP**
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500

**Matthew R. McCullough**
California Bar No. 301330
mrmccullough@winston.com
**WINSTON & STRAWN LLP**
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
Telephone: (650) 858-6500

**William M. Logan**
Texas Bar No. 24106214
wlogan@winston.com
**Evan D. Lewis**
Texas Bar No. 24116670
edlewis@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2766

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2023, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and by email. Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Western District of Texas, Section 14.

/s/ *Michael A. Bittner*
Michael A. Bittner