**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| FLYPSI, INC., (D/B/A FLYP), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:22-cv-00031-ADA |
| | § | |
| GOOGLE LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFF FLYP'S MOTION TO
STRIKE THE EXPERT REPORTS OF DR. ODED GOTTESMAN, PH.D. REGARDING
NONINFRINGEMENT AND INVALIDITY**

███████████████████████████

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................................. 1

II.   OPPOSITION AND ARGUMENT ................................................................. 1

    A.   Dr. Gottesman's Noninfringement Opinions Properly Apply Plain and
        Ordinary Meanings, and Are Not Untimely Claim Construction. .......................... 1

        1.   Dr. Gottesman Applies the Plain and Ordinary Meanings of
               "bridge telephone number" and "voice channel" ...................................... 1

        2.   Dr. Gottesman Applies the Plain and Ordinary Meaning of the
               Claim Term "switch" .................................................................................. 3

        3.   Dr. Gottesman Applies the Plain and Ordinary Meaning of
               "directing the switch to" ............................................................................ 4

        4.   Dr. Gottesman Applies the Plain and Ordinary Meaning of "the at
               least one data channel" Limitation of the '770 Patent ............................... 5

    B.   Dr. Gottesman's Opinions that Prior Art Google Voice Included
        Integration ████████████████ Are Proper ..................................................... 6

    C.   Dr. Gottesman's Invalidity Opinion Involving the Nokia N80 Internet
        Edition Is Proper and Timely ................................................................................ 9

    D.   Dr. Gottesman's Opinions on Motivation to Combine Are Legally
        Sufficient, and Include More Than One Motivation to Combine ....................... 11

    E.   Dr. Gottesman's Opinions on Non-Infringing Alternatives Are Well
        Supported and Reliable ........................................................................................ 13

        1.   The Hypothetical Negotiation Date ......................................................... 13

        2.   Dr. Gottesman's Opinions on Non-Infringing Alternatives Are Not
               Conclusory ............................................................................................... 15

    F.   Corroborating Documents Should Not Be Excluded ............................................ 16

    G.   Dr. Gottesman's Invalidity Opinions Related to Google Voice Are Not
        Conclusory ........................................................................................................... 18

    H.   Flyp's Motion to Exclude Dr. Gottesman's Opinions that Burner Phone
        Anticipates or Renders Obvious Any Claim Is Moot ......................................... 20

III.   CONCLUSION ............................................................................................. 20

███████████████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Fiber Techs. Tr. v. J & L Fiber Servs., Inc.*,
No. 1:07-CV-1191 LEK/DRH, 2010 WL 1930569 (N.D.N.Y. May 11, 2010) .....................18

*CA, Inc. v. Simple.com, Inc.*,
780 F. Supp. 2d 196 (E.D.N.Y. 2009) ...................................................................................18

*Digital Reg of Tex., LLC v. Adobe Sys. Inc.*,
No. CV 12-01971, 2014 WL 1653131 (N.D. Cal. Apr. 24, 2014) ......................................9, 16

*Finjan LLC v. SonicWall, Inc.*,
84 F.4th 963 (Fed. Cir. 2023) ..................................................................................................6

*Harris Corp. v. Fed. Express Corp.*,
502 F. App'x 957 (Fed. Cir. 2013) ...........................................................................................6

*Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*,
540 F.3d 1337 ...........................................................................................................................2

*In re Kollar*,
286 F.3d 1326 (Fed. Cir. 2002)................................................................................................8

*KSR Int'l Co. v. Teleflex Inc.*,
550 U.S. 398 (2007)............................................................................................................12, 13

*Mettler-Toledo, Inc. v. Fairbanks Scales, Inc.*,
No. 9:06-CV-97, 2008 WL 11348468 (E.D. Tex. Oct. 27, 2008) ..........................................19

*NetFuel, Inc. v. Cisco Sys.*,
No. 5:18-cv-02352-EJD, 2020 WL 1274985 (N.D. Cal. Mar. 17, 2020) ...............................19

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005) (en banc)...............................................................................2

*Pisony v. Commando Constrs., Inc.*,
No. 6:17-cv-00055-ADA, 2020 WL 4934463 (W.D. Tex. Aug. 24, 2020) ................9, 11, 16

*Poly-America, L.P. v. GSE Lining Technology, Inc.*,
383 F.3d 1303 (Fed. Cir. 2004)................................................................................................8

*ProTradeNet, LLC v. Predictive Profiles, Inc.*,
No. 6:18-CV-00038-ADA, 2019 WL 6499488 (W.D. Tex. Oct. 11, 2019)............................20

██████████████████████████

*Viterbo v. Dow Chem. Co.*,
   826 F.2d 420 (5th Cir. 1987) .................................................................................20

**Statutes**

35 U.S.C. § 102.................................................................................................14, 18

35 U.S.C. § 112........................................................................................................12

35 U.S.C. § 273.................................................................................................13, 14

████████████████████████████

## I.    INTRODUCTION

Flyp wishes to preclude Google's technical expert, Dr. Gottesman, from presenting key opinions on non-infringement and invalidity to the jury. First, Flyp effectively asks for the Court to resolve genuine factual disputes regarding a host of late-disclosed Flyp infringement theories by disingenuously characterizing Dr. Gottesman's opinions on those theories as improper claim construction arguments. But Dr. Gottesman consistently applies the plain and ordinary meanings of the claim elements identified by Flyp. Next, Flyp attempts to strike Dr. Gottesman's invalidity opinions by suggesting deficiencies with Dr. Gottesman's report. But Dr. Gottesman's report disclosures were more than sufficient to apprise Flyp of his invalidity and non-infringing alternative opinions, along with their factual bases, as required by the rules. Flyp provides no basis for striking Dr. Gottesman's opinions altogether. The Court should deny Flyp's motion.

## II.    OPPOSITION AND ARGUMENT

### A.    Dr. Gottesman's Noninfringement Opinions Properly Apply Plain and Ordinary Meanings, and Are Not Untimely Claim Construction.

Contrary to Flyp's assertion, Dr. Gottesman does not raise untimely claim constructions as to the four claim elements: "bridge telephone number," "voice channel," "switch," and "direct the switch to." Dkt. 152 at 4–11. Instead, Dr. Gottesman properly applies the plain and ordinary meanings of these terms to form his opinions on non-infringement and invalidity.[1]

### 1.    Dr. Gottesman Applies the Plain and Ordinary Meanings of "bridge telephone number" and "voice channel"

Dr. Gottesman's opinions that the "bridge telephone number" and "voice channel" limitations in the Incoming Call Patents do not cover Voice-over-IP ("VoIP") implementations of

---

[1] As in other filings by Google, this Opposition will refer to U.S. Patent Nos. 9,667,770 ("the '770 patent") and 10,051,105 ("the '105 patent") as the Incoming Call Patents and U.S. Patent Nos. 10,334,094 ("the '094 patent"), 10,125,554 ("the '054 patent"), and 11,218,585 ("the '585 patent") as the Outgoing Call Patents.

████████████████████████████

the claimed inventions are appropriately based on application of the plain and ordinary meaning of these claims terms.

As Google explained in its Opposition to Flyp's Motion for Partial Summary Judgment Concerning Google's Affirmative Defenses (Dkt. 149), regarding the claim term "bridge telephone number," Dr. Gottesman refers to the patents' prosecution histories, inventor testimony,[2] and other extrinsic evidence merely to confirm his understanding of the ordinary meaning. Dr. Gottesman has not attempted to construe "telephone number" or "bridge telephone number" and has not contended that those terms have anything other than their ordinary meaning, consistent with Flyp's expert's understanding of the term, *e.g.*, in the U.S., the ten-digit dialable number that you would give "████████████████████████████." Ex. 1 at 51:19–52:13; *see also* Dkt. 145 at 6, n. 7.[3]

For the term "voice channel" as used in the Asserted Patents, Dr. Gottesman likewise applies the ordinary meaning in concluding that such a channel does not exist in a VoIP implementation of the Asserted Claims. Dkt. 152-2 ("Gottesman Invalidity Report") ¶¶ 142–146; Dkt. 152-1 ("Gottesman Noninfringement Report") ¶ 108. As with "bridge telephone number," Dr. Gottesman's reference to inventor testimony and other extrinsic evidence merely confirms his understanding of the ordinary meaning of the term "voice channel" as used in the Asserted Patents.

---

[2] "The testimony of an inventor, of course, may be pertinent as a form of expert testimony, for example, as to understanding the established meaning of particular terms in the relevant art." *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1347 n.5 (Fed. Cir. 2008 (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) (en banc)).

[3] It is not clear whether Flyp seeks to exclude Dr. Gottesman from opining on the prosecution history regarding "bridge telephone number" in response to Flyp's Doctrine of Equivalents position. Google addresses the propriety of Dr. Gottesman's reliance on the prosecution history (including timeliness) in support of his opinion that there can be no infringement of the bridge telephone number term under the Doctrine of Equivalents in its Opposition to Dkt. 149 at Section II.B.

██████████████████████████████

Ex. 2 at 185:10–15 (" ██████████████████████████████

██████████████████████████████████████

████ ")

Dr. Gottesman does not propose a claim construction based on prosecution disclaimer nor does he even suggest that there was a disclaimer. Rather, Dr. Gottesman opines that when prosecuting the patents, the patentee added and used terms with ordinary meanings that do not include or encompass VoIP implementations (*e.g.*, that "bridge telephone number" means an actual telephone number, ████████████ or some other type of address, used for bridging a call). Contrary to Flyp's suggestion, Dr. Gottesman did not use the term "disclaimer" in any deposition response. Dkt. 152 at 5. Instead, he stated only that the patentee "distinguished" the prior art Black reference during prosecution by adding the term "bridge telephone number" to the pending claims. Ex. 2 at 183:11–25 *and see id.* at 184:11–25. Dr. Gottesman has applied only the plain and ordinary meaning of the terms "bridge telephone number" and "voice channel" as used in the Asserted Claims.

### 2. Dr. Gottesman Applies the Plain and Ordinary Meaning of the Claim Term "switch"

Flyp's effort to strike Dr. Gottesman's noninfringement opinion that ████████████ ██████████████████████████ rests on the false premise that Dr. Gottesman is attempting to construe the term "switch." Dkt. 152 at 7–9. As explained in Google's Opposition to Flyp's Motion for Partial Summary Judgment on the Outgoing Call Patents (Dkt. 150), Dr. Gottesman merely applies the plain and ordinary meaning of "switch" as used in the Asserted Patents. *See, e.g.*, Gottesman Invalidity Report ¶¶ 128–131, 133, 136–137, 141, 142–154; Gottesman Noninfringement Report ¶¶ 59, 66, 91. Dr. Gottesman does not propose, and does not rely on, any specialized or unusual meaning of "switch." That Flyp and its expert disagree with

██████████████████████████████████████████████

Dr. Gottesman's ultimate opinion about whether ████████████████████████████

is not a basis to strike Dr. Gottesman's opinions.

    Dr. Gottesman's opinion that ████████████████████ was timely presented in his

expert report. Dkt. 152-1 ¶¶ 93–96. Moreover, there was no indication before claim construction

of any dispute whether ████████████████ Flyp's infringement contentions

did not assert that the accused ██████████████████. *See, e.g.*, Ex. 3. In

those contentions, Flyp did nothing more than generally reference a few technical diagrams that

included ████████████████████████, without specifically

pointing to or calling out █████████████████ ████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████. *See, e.g.*, *id*. The first time Flyp clearly stated its infringement theory identifying ████

████████████████ came in the September 12, 2023 expert report of Flyp's

infringement expert, Dr. Nettles. Ex. 4 at p. 326 ¶ 347, p. 327 ¶ 352, p. 354 ¶ 397. In responding

to that infringement theory, which was disclosed after the close of fact discovery, Dr. Gottesman

explained that ████████████████ under the ordinary meaning of that term. There is

no basis to strike Dr. Gottesman's opinions on ████████████.

###     3.    Dr. Gottesman Applies the Plain and Ordinary Meaning of "directing the switch to"

    Flyp suggests that Dr. Gottesman is misconstruing the "receiving, at the switch,

information from the server directing the switch to" limitation of the Outgoing Call Patents when

he concludes that ████████████████████████████████████

████. Dkt. 152 at 9–11. But yet again, as explained in Google's Opposition to Flyp's Motion for

Partial Summary Judgment on the Outgoing Call Patents (Dkt. 150), Dr. Gottesman simply applies

████████████████████████████████

the plain and ordinary meaning of "directing the switch to," as it is used in the Asserted Patents,

to  ███████████████████████████████████████████.   Gottesman

Noninfringement Report ¶¶ 97–106. Dr. Gottesman is not proposing, and does not rely on, any

specialized or unusual meaning of that claim phrase.

Nowhere in its infringement contentions did Flyp explicitly contend that the claimed

████████████████████████████████████ The infringement theory

was first presented in the September 12, 2023 expert report of Dr. Nettles. Ex. 4 at p. 206 ¶ 222,

p. 262 ¶ 228, p. 354 ¶ 397, p. 376 ¶ 433, p. 377 ¶¶ 436, 438. Dr. Gottesman timely responded to

that new theory using the plain and ordinary meanings of the claim terms, by explaining that (a)

████████████████████████████████████, and (b) █████████████

███████████. There is no basis for Flyp's suggestion that Google should have guessed Dr.

Nettles' eventual theory before claim construction. And Flyp and its expert's disagreement with

Dr. Gottesman is not a basis to strike his opinion.

### 4. Dr. Gottesman Applies the Plain and Ordinary Meaning of "the at least one data channel" Limitation of the '770 Patent

Flyp's motion fails to quote all of the claim limitations reciting "at least one data channel."

The three recitations in the claims, in order, are as follows:

> acquiring first digital information from the handset **over at least one data channel** . . .
> acquiring second digital information from the handset **over _the_ at least one data channel** . .
> transmitting pre-call information to the handset **over _the_ at least one data channel**. . .

'770 patent, Claim 1 (Ex. 23) (emphasis added).

Dr Gottesman's non-infringement opinion is based on the fact that the second and third

instances add "_**the**_" to the phrase "at least one data channel." The claims thus require the "at least

one data channel" selected and used to acquire first digital information from the handset in the first

instance becomes, and must be, "_**the**_" same "at least one data channel" used to acquire second

███████████████████████████████████████

digital information and to transmit pre-call information in the second and third instances. It is black letter patent law that the presence of "the" in the second and third recitations of "at least one data channel," but not in the first, means the first recitation is the antecedent basis for the second and third recitations, such that all three "at least one data channel[s]" must be the same. *See Finjan LLC v. SonicWall, Inc.*, 84 F.4th 963, 974 (Fed. Cir. 2023) (where reference to "a computer" may mean "one or more computers," the subsequent references to "the computer" can only be satisfied by the same "one or more computers" that satisfied the first limitation.); *Harris Corp. v. Fed. Express Corp.*, 502 F. App'x 957, 963 (Fed. Cir. 2013) ("When identical language is found in multiple steps within the same claim, it is reasonable to assume that all references relate to the same subject matter. . . . This is especially true where, as here, the later instance refers to 'the' data and therefore begs for some antecedent basis."). This is consistent with the patent showing the same data channel used for acquiring second digital information and pre-call information ('770 patent, Fig. 3, element 316). Dr. Gottesman did not require or assert any unusual claim construction of any kind. He merely applied the straight-forward plain meaning of these terms.

As explained by Dr. Gottesman, in the accused Google Voice system, (a) , and (b) ███████████████████████████████████████ ██████████████████████. Gottesman Noninfringement Report ¶ 126 and *see generally* ¶¶ 125–128. Once again, Flyp's disagreement with Dr. Gottesman's principled opinions does not provide a basis for striking those opinions.

**B.**    **Dr. Gottesman's Opinions that Prior Art Google Voice Included Integration** ██████████████ **Are Proper**

Flyp challenges Dr. Gottesman's opinions that ███████████████████████ were

███████████████████████████████████████████████████

part of the prior art Google Voice system and instead alleges that they were distinct systems that Dr. Gottesman improperly collapses into Google Voice. Dkt. 152 at 11–16. Flyp is wrong. In his report, Dr. Gottesman provided evidence including deposition testimony, public documents, internal Google documents, and discussions with knowledgeable Google personnel showing that ██████████████████████ were part of Google Voice before the July 17, 2013 priority date of the Asserted Patents.[4] From this, Dr. Gottesman concludes ████████████████████████ ██████████████████████████████████. Gottesman Invalidity Report ¶¶ 92–100, Table T-1 (Dkt. 152-7). It is for the jury to decide whether the evidence supports Dr. Gottesman's opinions, and the Court should reject Flyp's improper request effectively to resolve the factual dispute by striking those opinions.

Flyp further errs in arguing that Dr. Gottesman's opinions should be stricken because he contends the ██████████████ systems *could have* been used to perform the claimed steps. Dkt. 152 at 12–16.[5] The premise is false. Dr. Gottesman's opinion rests on the fact that prior art Google Voice, ████████████████████████████████, inherently *taught* a person of ordinary skill a call processing system (Google Voice) used with a ██████████████████ ██████,█████████████████████████████████████████████████ ██████. Because prior art Google Voice necessarily included and taught performance of the various claim steps when used as directed and intended—rather than merely possessing the

---

[4] *See also* Ex. 5 at GOOG-FLYP-000184: "█████████████████████████████████ ████████████████████"; *id.* at GOOG-FLYP-000185–86: ███████████████████████ ████████████████████████████████████████████████████"

[5] Google understands Flyp's argument to apply specifically to Dr. Gottesman's observation that (1) █████████████████████████████████████████████████████████████ (Dkt. 152 at 12–13); (2) the Nokia N80 Internet Edition was integrated with and supported by Grand Central (Google Voice's predecessor) (*id.* at 15); and (3) ████████████████ ██████████████████ (*id.* at 15).

███████████████████████████████████████████

capability to covertly practice the claim steps if used in an unusual or atypical manner—it anticipates the Incoming Call Patent claims.

Flyp's authority, *Poly-America, L.P. v. GSE Lining Technology, Inc.*, 383 F.3d 1303, 1309 (Fed. Cir. 2004), is thus inapposite. Dkt. 152 at 12. In *Poly-Am*, the defendant's invalidity argument was premised on the assertion that the prior art "die" was capable of performing the claimed method if used in a manner for which it was not originally designed. There was no assertion by the *Poly-Am* defendant that the claimed method was actually taught by use of the prior art "die." Conversely, Google asserts the claimed method was actually disclosed and taught by the ordinary use of Google Voice (and by publications describing use of that product). This is not a situation like *Poly-Am* where Google Voice needed to undergo "development work in order to be commercially useful and to enable the product of the process to be sold," such that there was no disclosure of the claimed process steps by ordinary use of the product. *Poly-Am*, 383 F.3d at 1308 (citing *In re Kollar*, 286 F.3d 1326, 1333 (Fed. Cir. 2002)).

Here, Dr. Gottesman does not base his opinion on a theoretical, but undisclosed, possibility of Google Voice's operation, nor does he seek to fill in missing teachings with hindsight observations. Instead, Dr. Gottesman relies on contemporaneous materials that explicitly disclose and teach the use of prior art Google Voice to perform the Asserted Claims' method steps. For example, ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████.

*See, e.g.*, Gottesman Invalidity Report, Table T-1 (Dkt. 152-7) at 19. He then points to public documents describing the use of ███████████████████████████████████. *See, e.g.*, Ex. 5 at GOOG-FLYP-000184. He further testified that the ██████████████████ ██████████████████████ (Ex. 2 at 338:10–339:8, cited at Dkt. 152, p. 16), and Google

███████████████████████████████████████████

produced evidence during fact discovery that (a) Grand Central was integrated with Google Voice

(Ex. 5 at GOOG-FLYP 0000183), and (b) ███████████████████████████████████

███████. *See* Ex. 7 ("████████████████████████████████████████████████.").

Based on the express disclosures and teachings to a person of ordinary skill in the art, Dr.

Gottesman explains that prior art Google Voice, as implemented using ████████████████████

████████, anticipates the Asserted Claims of the Incoming Call Patents. There is no basis to strike

Dr. Gottesman's opinions.[6]

## C.   Dr. Gottesman's Invalidity Opinion Involving the Nokia N80 Internet Edition Is Proper and Timely

Flyp seeks to strike Dr. Gottesman's invalidity opinion relating to prior art Google Voice's

use of a VoIP endpoint called the Nokia N80 Internet Edition. Contrary to Flyp's suggestion, Dr.

Gottesman's invalidity opinion relating to prior art Google Voice's use of a VoIP endpoint called

the Nokia N80 Internet Edition is not a new theory of invalidity. Dkt. 152 at 17. As explained

further below, Dr. Gottesman disclosed the N80 Internet Edition as one of multiple examples of

VoIP endpoints, i.e., devices that were capable of engaging in VoIP communications for Google

Voice call.

Expert reports may contain information not found within invalidity contentions so long as

they do not change the disclosed invalidity theories. *Pisony v. Commando Constrs., Inc.*, No. 6:17-

cv-00055-ADA, 2020 WL 4934463, at *4 (W.D. Tex. Aug. 24, 2020) (citing *Digital Reg of Tex.,*

*LLC v. Adobe Sys. Inc.*, No. CV 12-01971, 2014 WL 1653131, at *5 (N.D. Cal. Apr. 24, 2014)).

---

[6] Dr. Gottesman also opines that the Asserted Claims are invalid as obvious in view of Google Voice. Gottesman Invalidity Report ¶ 189.b. ████████████████████████████████████
████████████████████████████████ *See, e.g., id.* ¶¶ 92, 94, 95, 96, 97.
████████████████████████████████. *See, e.g., id.* ¶ 100. Flyp does not
challenge Dr. Gottesman's opinions regarding obviousness based solely on Google Voice,
███████████████████████████████. *See* Dkt. 152.

███████████████████████████████████████████

Dr. Gottesman's reference to the Nokia N80 Internet Edition endpoint does not offer a new invalidity theory but instead corroborates the long-disclosed theory that prior art Google Voice used various mobile VoIP endpoints (████████████████████████████████████████ ████████████████████████).

In its March 21, 2023 invalidity contentions, Google expressly disclosed its contention that

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████. *See* Ex. 6 at 15 ("████████████████████████"), 27 (citing GOOG-FLYP-PA-00004645–4648 (Ex. 22), which states concerning ████████ at GOOG-FLYP-PA-00004646: "On mobile phones that support SIP applications, calls may be placed over WiFi . . . "), Table T-1 at 2 ("████████████████████████████████████████ ████████████████████████████████."), Table T-2 at 2, Table T-1 at 33 ("████████████████████████████████████████ ████████████████."), Table T-2 at 32, Table T-1 at 3 ("████████████ ████████████████████████████████████████ ████████████████████████████████████████████"), Table T-2 at 3. Dr. Gottesman cites the Nokia N80 Internet Edition solely to explain and support this theory from the contentions; not to present a wholly new theory. Gottesman Invalidity Report ¶ 93, Table

---

[7] Gottesman Invalidity Report ████████████████████████████████ at 20 and Tables T-1 and T-2 (Dkts. 152-7, 152-8) ("████████████████ ") and *see* Ex. 8 at 35:11–36:5 ████████████████████████████████████

███████████████████████████████

T-1 (Dkt. 152-7) at 19, Table T-2 (Dkt. 152-8) at 13–14.[8]

Flyp argues that "Google has no good explanation for failing to disclose its own products' alleged integration with the Nokia N80." Dkt. 152 at 18, 19. But, it was only in preparing his invalidity report that Dr. Gottesman discovered the publicly disclosed Nokia N80 Internet Edition as yet another example corroborating ████████████████████████████████

████████████████████████████████████████████████████

███████.[9] Dr. Gottesman was entitled to detail the facts and materials that supported his opinion relating to Google's previously disclosed theory, including his discovered knowledge of the Nokia N80 Internet Edition. *Pisony*, 2020 WL 4934463, at *4.

Flyp suggests that Dr. Gottesman's testimony regarding the Nokia N80 is immaterial because there is no evidence of actual use integrating the N80 with Google Voice. Dkt. 152 at 18. But, as discussed in Section B *supra*, Dr. Gottesman's opinion rests on the fact that the public materials discussing the use of Nokia N80 Internet Edition as a VoIP endpoint for Google Voice actually disclose and teach a person of ordinary skill how to practice certain of the claim elements. Dr. Gottesman's opinion on this issue is properly presented to the jury for evaluation, subject to cross-examination.

### D.   Dr. Gottesman's Opinions on Motivation to Combine Are Legally Sufficient, and Include More Than One Motivation to Combine

Flyp's motion to strike repeats the argument from its Motion for Partial Summary

---

[8] Flyp can hardly contend that doing so was improper when Flyp's own damages expert, Dr. Lewis, similarly introduced supporting documents in his report that were not disclosed or produced in discovery. *See, e.g.*, Ex. 9 at n.12 (citing various unproduced documents such as Recent Trends in Reasonable Royalty Damages in Patent Cases, and Settlement Evidence and Patent Damages); *id.* at Exhibit 10.0, Notes & Sources 1–16 (citing 16 unproduced documents).
[9] The materials cited by Dr. Gottesman concerning Nokia N80 are publicly available, found on the internet by Dr. Gottesman. They did not originate with Google. Gottesman Invalidity Report ¶ 93; Gottesman Noninfringement Report ¶¶ 30, 132, 140.

██████████████████████████████████████████████

Judgment Concerning Burner, Obviousness and Google's 35 U.S.C. § 112 Arguments (Dkt. 151) that Dr. Gottesman allegedly failed to provide legally sufficient motivation to combine references. Dkt 152 at 19–21. As Google explained in its opposition to Dkt. 151, Dr. Gottesman's opinion on motivation to combine is based, in part, that the "the natural evolution of systems is to integrate more and more networks, in order to offer more versatile features and seamless overall internetwork solutions, especially when there are already pre-existing standards and competitive markets." Gottesman Invalidity Report ¶¶ 200, 205. This theory meets the obviousness test set forth in *KSR* that "in determining whether the subject matter of a patent claim is obvious, neither the particular motivation nor the avowed purpose of the patentee controls."*KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 419 (2007). A patent's subject matter can be proven obvious by showing there was a known problem with an obvious solution encompassed by the patent's claims. *Id.* at 419–20. That is precisely what Google's expert opinions and invalidity contentions demonstrate, making summary judgment of no motivation to combine inappropriate, and any effort to strike Dr. Gottesman's opinions improper.

Flyp incorrectly alleges that "Dr. Gottesman's invalidity report only identifies one specific motivation to combine." Dkt. 152 at 19. Dr. Gottesman's reliance on "natural evolution" of systems is only "further" motivation to others already provided in his report. As Flyp acknowledges (*id.*), Dr. Gottesman identified the commonality of technology among the combined references, including the similarity of protocols hardware, as motivation to combine the prior art references. His opinion on motivation to combine is not based on a mere observation that the "references . . . come from the same field, or involve similar technologies" (*id.* at 20). Rather, his opinions are grounded in, and supported by, careful and exhaustive citation ███████████████ ██████████████████████████████████████████████ with prior art

█████████████████████████████████

references Backhaus, Saskena, Winblah and Quon. *See, e.g.*, Gottesman Invalidity Report ¶¶ 196–205. Dr. Gotteman's detailed citation in his Expert Report on Invalidity to particular passages of the prior art in paragraphs 192–205, and in the prior art charts for Google Voice (Tables T-1 and T-2), form the basis for his opinion that the references individually and collectively provide the motivation to combine because "[e]ach of these references and systems describes or implements methods for delivering telephone calls using the combination of a data channel and a voice channel." Ex. 6 at 59. To this end, the contentions note that the solutions in each of the references "would have been further enhanced and augmented by the other prior art references and systems, which are directed to the same and similar problems," providing further citations to the prior at. *Id*. at 62–63. Because the prior art references "disclose similar steps and components that are highly compatible with each other, it would have been natural for one of ordinary skill in the art to contemplate adding to, or substituting the teachings of any one of these references with the teachings of any one or more of the other references in order to provide additional functionality, to improve upon the basic techniques taught in each reference, and/or to solve similar issues recited in each." *Id*. at 61 (citing *KSR*, 550 U.S. 398). Ultimately, the competing opinions of Dr. Gottesman and Flyp's validity expert, Dr. Conte, should both be presented to the jury for consideration.

**E.     Dr. Gottesman's Opinions on Non-Infringing Alternatives Are Well Supported and Reliable**

**1.     The Hypothetical Negotiation Date**

Contrary to Flyp's present assertion, Dr. Gottesman did not testify that the hypothetical negotiation date fell on or before 2013. Dkt. 152 at 22–23. Rather, his opinion was and is that the

█████████████████████████████████

█████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████. Ex. 2 at 455:9–456:8.[10] Flyp's counsel

did not ask Dr. Gottesman if he considered the "hypothetical negotiation date" to be 2013. Counsel

asked Dr. Gottesman if he understood "the non-infringing analysis to take place in 2013." Ex. 2 at

456:2–5. Dr. Gottesman explained that █████████████████████████████████

██████████████████████████████████████, specifically, the outgoing proxy call

flow from before the relevant Section 273 and Section 102(b) date (*i.e.*, July 16, 2012, one year

before the effective filing date of the Asserted Patents). *Id.* This is consistent with Dr Gottesman's

expert report where ████████████████████████████████:

████████████████████████████████████████████

Gottesman Invalidity Report ¶ 238.

In any event, the hypothetical negotiation date is effectively irrelevant to the substance of

Dr. Gottesman's opinions regarding non-infringing alternatives. █████████████████

███████████████████████████████████████

██████████████████████. ██████████████████████████

███████████████████████████████████████.

Gottesman Invalidity Report ¶¶ 237–239; Gottesman Noninfringement Report ¶¶ 138–142.

███████████████████████████████████████

██████████████████████████████████. *Id.*, Ex. 2 at

444:3–15, 446:6–447:7. Once again, Flyp offers no legal basis to strike Dr. Gottesman's

---

[10] Google's pending Motion for Summary Judgment based on Section 273 (Dkt. 147) █████████

███████████████████████████████████████.

■

considered opinions.[11]

### 2. Dr. Gottesman's Opinions on Non-Infringing Alternatives Are Not Conclusory

Dr. Gottesman's Invalidity Expert Report presents a detailed analysis of the operation ■

■

■. *See, e.g.*, Gottesman Invalidity Report, Tables T-1 and T-2 (Dkts. 152-7, 152-8), ¶¶

207–227, 238 (Dkt 152-2). Dr. Gottesman further supports his non-infringing alternative opinions

with ■

■ (Gottesman Invalidity Report ¶ 2), and with ■

■

■.[12] Gottesman Noninfringement Report ¶ 142. During his deposition, Dr. Gottesman

could not recall specific details disclosed in his reports in response to questioning where Flyp's

counsel refused to identify the relevant portions of Dr. Gottesman's report, but that does not show

---

[11] Notably, Flyp only disclosed its proposed hypothetical negotiation date *after* Dr. Gottesman had prepared his report. In his September 12, 2023 report, Dr. Gottesman reasonably assumed a hypothetical negotiation date of around May 30, 2017, which is the earliest date of issuance of the Asserted Patents. Gottesman Invalidity Report ¶ 24 ("What non-infringing alternatives would have been available to Google at the time of the hypothetical negotiation date for this case, which I have been informed by counsel to assume is on or around May 30, 2017.").

■. Ex. 9 at 26–27. Dr. Gottesman did not have the benefit of knowledge of Flyp's new hypothetical negotiation date when he first presented his opinion on non-infringing alternatives.

[12] Though Flyp "requests that the Court strike and exclude any of Dr. Gottesman's opinions on non-infringing alternatives" (Dkt. 152 at 28), it does not substantively challenge Dr. Gottesman's non-infringing alternatives for the Incoming Call Patents (U.S. Patent Nos. 10,334,094; 11,012,554; and 11,218,585).

■ *See* Gottesman

Noninfringement Report ¶ 141.

████████████████████████████████████████████████

that Dr. Gottesman has "no evidence" to support his conclusions concerning non-infringing alternatives. Dkt. 152 at 23–26.

Flyp alleges that Dr. Gottesman failed to account for ██████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████. Dtk. 152 at 26.

Notwithstanding that Dr. Gottesman ████████████████████,[13] this may be an

area for potential cross-examination by Flyp at trial but is not a basis to strike Dr. Gottesman's

opinions altogether.[14]

### F.   Corroborating Documents Should Not Be Excluded

Flyp next moves to strike documents corroborating that ████████████████████

operated with Google Voice before July 16, 2013. Dkt. 152 at 29. But it is common and appropriate

for an expert to cite corroborating materials in his expert report that do not otherwise change or

add theories of invalidity. *Pisony*, 2020 WL 4934463, at *4 (denying a motion to strike expert's

opinions regarding a never-produced photo used to identify an "extendible mast" in a prior art

system because it did not put forth a new theory even though invalidity contentions only used a

different photo to identify a "telescopic hydraulic cylinder" (citing *Digital Reg*, 2014 WL 1653131,

---

[13] Ex. 2 at 438:1–441:3, 442:4–443:1, 446:6–447:15; Gottesman Invalidity Report ¶ 192; Gottesman Noninfringement Report ¶ 53 (████████████████████████████████
██████████████████████.

[14] Flyp alleges that Dr. Gottesman ████████████████████████████████████████
█████████████████████████████████████. Dkt. 152 at 27–28. Dr. Gotteman detailed his opinion
█████████████████████ in his expert reports. Gottesman Invalidity Report ¶ 240; Gottesman Noninfringement Report ¶¶ 143–144 ("███████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████).

███████████████████████████████████████████████████

at *5)). Here, Google's invalidity contentions explicitly disclosed invalidity theories based on prior

art Google Voice's (and the ██████████ predecessor Grand Central system) ██████████

███████████████████████████████████. *See, e.g.*, Ex. 6 at 15 ("████████████

██████████████") , Table T-1 at 2 ("██████████████████████████████████

███████████████████████████████████████████████████

██") , Table T-2 at 2, Table T-1 at 33 ("█████████████████████████████████

██████████████████████████████████████") , Table T-2 at 32, Table T-1 at 3 ("███

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████" Table T-2 at 3. Indeed, Flyp deposed multiple Google

engineers about these ██████████████████████████████████████. Ex.

10 at 100:23–101:16 ("███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████"); Ex. 11 at 17:23–18:4; Ex. 12 at 11:19–12:8, 21:21–22:6. The documents now

complained of by Flyp, which include a video and documents describing how to make and receive

a VoIP call with ██████████████████,[15] and how to handle a VOIP call with ██████ VoIP

endpoints on Google Voice,[16] were timely disclosed by Dr. Gottesman in his report to help further

---

[15] https://www.cnet.com/videos/make-phone-calls-from-gmail-50092219/ (Ex. 13);
https://googleblog.blogspot.com/2010/08/call-phones-from-gmail.html (Ex. 14);
http://googlevoiceblog.blogspot.com/2010/08/make-and-receive-calls-in-gmail.html (Ex. 15);
Ex. 18.
[16] https://www.speakoutwireless.ca/speak/technical-service-details/google-voice-to-speakoutphone/ (Ex. 16); https://blog.tmcnet.com/blog/tom-keating/voip/grandcentral-supports-gizmo-project.asp (Ex. 17).

explain and corroborate the use of these VoIP endpoints. *See supra* Section II.C.[17] Flyp can cross-examine Dr. Gottesman, but should not be permitted to preclude him from using public materials to support and explain his opinions. *See, e.g.*, n. 9 *supra*.

### G. Dr. Gottesman's Invalidity Opinions Related to Google Voice Are Not Conclusory

Flyp moves to strike all of Dr. Gottesman's invalidity opinions related to Google Voice because his element-by-element claim charts for that reference supposedly include insufficient detail. Dkt. 152 at 29. But Dr. Gottesman's report and claim charts informed Flyp of the specific prior art references and invalidity grounds that he was relying on, which suffices under the governing rules. *See, e.g.*, *Advanced Fiber Techs. Tr. v. J & L Fiber Servs., Inc.*, No. 1:07-CV-1191 LEK/DRH, 2010 WL 1930569, at *4–6 (N.D.N.Y. May 11, 2010) (denying motion to exclude defendant's expert report because the report's obviousness chart, which analyzed the prior art by making an "element by element comparisons between the referenced art and the claims" of the patent, "sufficiently announce[d] the scope and content of the referenced art").[18]

The fact that Flyp might have preferred a different presentation style does not render Dr. Gottesman's disclosures inadequate. *See CA, Inc. v. Simple.com, Inc.*, 780 F. Supp. 2d 196, 215 (E.D.N.Y. 2009) (finding invalidity claim chart not conclusory where the expert "cited to specific pages, sections, and portions of prior art references and linked them to the asserted claim elements

---

[17] For clarity, https://web.archive.org/web/20120308003256/http://www.google.com/chat/voice/ was produced during fact discovery as GOOG-FLYP-PA-00020981 (*see* Ex. 19), and https://www.cnet.com/videos/make-phone-calls-from-gmail-50092219/ was produced during fact discovery as GOOG-FLYP-PA-00021474 (webpage) and GOOG-FLYP-PA-00021503 (video) (Ex. 20).

[18] Flyp's motion also complains about Dr. Gottesman's disclosures concerning the Burner prior art. However, as discussed *infra* Section H, in an effort to streamline the issues for trial and minimize disputes for the Court, Google has withdrawn Burner as a prior art reference for Section 102 invalidity, though Google reserves the right to refer to Burner in its general discussion of the state of the art at the time of invention.

███████████████████████████████████

he believed they invalidated"); *NetFuel, Inc. v. Cisco Sys.*, No. 5:18-cv-02352-EJD, 2020 WL 1274985, at \*5 (N.D. Cal. Mar. 17, 2020) (finding element-by-element citations to the prior art reference sufficient "detail [to show] how each claim element is disclosed in the prior art reference" (citation omitted)).

Here, Dr. Gottesman prepared detailed claim charts for Google Voice showing which portions of ████████ passages of paper prior art (and described features) disclosed each claim element (Dkts. 152-7–152-10), and also provided additional analysis in the body of his report for each reference. *See, e.g.*, Gottesman Invalidity Report ¶¶ 190–227 (Google Voice). In fact, Dr. Gottesman's Google Voice charts went well-beyond what is required, providing not only additional detailed analysis for each element, but also a color-coded mapping analysis for specific terms within elements. *See, e.g.*, Gottesman Invalidity Report, Table T-1 (Dkt. 152-7) at 29–68 (element 1.F).

The sole case Flyp relies on for the proposition that Dr. Gottesman's charts are insufficient is inapposite. Unlike in *Mettler-Toledo, Inc. v. Fairbanks Scales, Inc.*, No. 9:06-CV-97, 2008 WL 11348468 (E.D. Tex. Oct. 27, 2008), Dr. Gottesman does not broadly point to documents as a whole for his analysis of claim elements. Rather, Dr. Gottesman's charts present the specific passages from various supporting materials that he believes relate specifically to each associated claim element, and Dr. Gottesman complements those specific chart citations with broader descriptions and explanations in both the charts themselves and the body of his report.

Tellingly, Flyp's invalidity expert, Dr. Conte, dedicated 20 pages to expressing his criticisms of and disagreements with Dr. Gottesman's specific analysis of Google Voice— demonstrating that Dr. Gottesman's analysis was explained with sufficient specificity to be the subject of detailed disagreement. *See, e.g.*, Ex. 21 ¶¶ 132–171. Those criticisms and disagreements

can be presented at trial; Flyp's complaints do not constitute a proper basis for excluding Dr. Gottesman's opinions altogether. *See ProTradeNet, LLC v. Predictive Profiles, Inc.*, No. 6:18-CV-00038-ADA, 2019 WL 6499488, at *3 (W.D. Tex. Oct. 11, 2019) (citing *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

### H.   Flyp's Motion to Exclude Dr. Gottesman's Opinions that Burner Phone Anticipates or Renders Obvious Any Claim Is Moot

As discussed in Google's Opposition to Dkt. 151, in an effort to reduce the issues for the Court at the summary judgment stage and to simplify the issues for trial, Google is withdrawing its anticipation and obviousness defenses based on the Burner Phone reference. Google reserves the right to rely on the Burner phone reference as evidence of the state of the art as set forth in its invalidity expert report. Gottesman Invalidity Report ¶¶ 111–119. Flyp's motion to preclude Dr. Gottesman from offering any opinion that Burner Phone anticipates or renders obvious any asserted claim should therefore be denied as moot.

## III.   CONCLUSION

Flyp's Motion to Strike portions of the expert reports of Dr. Gottesman should be denied.

████████████████████████████

DATED: November 28, 2023

Respectfully Submitted,

*/s/ Robert W. Unikel*

Robert W. Unikel (*Pro Hac Vice*)
robertunikel@paulhastings.com
John A. Cotiguala (*Pro Hac Vice*)
johncotiguala@paulhastings.com
Daniel J. Blake (*Pro Hac Vice*)
danielblake@paulhastings.com
Grayson S. Cornwell (*Pro Hac Vice*)
graysoncornwell@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Elizabeth Brann (*Pro Hac Vice*)
elizabethbrann@paulhastings.com
Ariell N. Bratton (*Pro Hac Vice*)
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Drive, Suite 350
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert R. Laurenzi (*Pro Hac Vice*)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Joshua Yin (*Pro Hac Vice*)
joshuayin@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Dan L. Bagatell (*Pro Hac Vice*)
dbagatell@perkinscoie.com
PERKINS COIE LLP

███████████████████████████████

3 Weatherby Road
Hanover, NH 03755
Telephone: (602) 351-8250
Facsimile: (602) 648-7150

Andrew T. Dufresne (*Pro Hac Vice*)
adufresne@perkinscoie.com
PERKINS COIE LLP
33 E. Main St. Ste. 201
Madison, WI 53703
Telephone: (608) 663-7460
Facsimile: (608) 663-7499

Paige Arnette Amstutz
State Bar No.: 00796136
pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of November, 2023, a true and correct copy of the

foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.

As of this date, all counsel of record have consented to electronic service and are being served

with a copy of this document through the Court's CM/ECF system and by email.

*/s/ Robert W. Unikel*
Robert W. Unikel