**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **FLYPSI, INC. (D/B/A FLYP),**<br><br>  **Plaintiff,**<br><br>**vs.**<br><br>**GOOGLE LLC,**<br><br>  **Defendant.** | **Civil Action No. 6:22-cv-31-ADA**<br><br><br>**JURY TRIAL DEMANDED** |

## <u>ORDER ON DISPUTE</u>

Before the Court is a request by Plaintiff Flypsi, Inc. (d/b/a Flyp) ("Flyp") that the Court reconsider its ruling during the January 16, 2024 Final Pre-Trial Conference granting Defendant's Motion in Limine No. 3, which seeks to preclude any evidence, testimony, or argument regarding the November 2015 meeting.

### Flyp's Position

When arguing this motion, Google's counsel stated "there is no evidence at all that Google Ventures had anything to do with Google concerning Flyp," and "[t]he only commonality is that [Google Ventures] has Google in the name." 1/16/24 PTC Hearing Tr. ("PTC Tr.") at 106:9-17. He also stated that "[i]f the name of the company was anything other than Google Ventures, if it was KKR or Bain Capital or something else, there wouldn't even be a hint that that should be involved in this case." PTC Tr. at 67:14-17.

Based on these statements, the Court asked whether Flyp had a direct communication between ██████ and Google. The Court ruled that "if this is all, that there's a meeting with

someone at Google Ventures and he's a buddy with people who work at Google . . . that's not going to be enough."  PTC Tr. at 110:22-111:6.

We believe counsel's statements left the Court with a mistaken impression and there is additional evidence that the Court should consider.

First, Google Ventures was part of Google at the time of the November 2015 meeting.  Unlike "KKR and Bain Capital" Google Ventures began as a division of Google. ███ ███ testified that the relationship between Google Ventures and Google "████████████ ████████████████████████████████████████████████ ███ "  Miner Tr. 13:23-14:18.  He further testified that while "████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ " ███ Tr. 11:17-23.  While Alphabet was founded in October 2015, Google Ventures did not rebrand to GV until December, after the November meeting.  Thus, according to ████████ sworn testimony, ████████████████████████████████████████████████

Additionally, Google Ventures' website as of 2010 makes clear that one of Google Ventures' selling features was its ability to provide access to 20,000+ "Googlers"—employees of Google.



Welcome to Google Ventures

Google Ventures seeks to discover and grow great companies - we believe in the power of entrepreneurs to do amazing things. We're studying a broad range of industries, including consumer Internet, software, hardware, clean-tech, bio-tech and health care. We invest anywhere from seed to mezzanine stage and embrace the challenge of helping young companies grow from the garage to global relevance.

Our team includes entrepreneurs, investors and innovators, along with some 20,000+ exceptional Googlers whose breadth of knowledge, experience and creativity constitute perhaps our own most valuable resource. You don't have to be a potential Google acquisition for us to want to work with you; we're out to build great companies, period.

Second, contrary to counsel's statement that Google Ventures is as unrelated to Google as "KKR or Bain Capital" is the simple fact 

Finally, the domain names of Google Ventures' website ██████████ in 2015 were Google domains.  The web address [http://www.google.com/ventures/](http://www.google.com/ventures/) was the original address for Google ventures, which is a webpage on Google's domain.  Now, that same address redirects to [www.gv.com](www.gv.com).  Additionally, ███████████████████

*Relief Requested:*  On this additional evidence, we respectfully ask the Court to revisit its earlier ruling and allow Flyp to present evidence, testimony, and argument regarding the November 2015 meeting.

### Google's Position

Flyp could have presented, and did present, the same arguments in prior briefing. Nonetheless, none of Flyp's evidence or arguments affect the Court's ruling to exclude the Rinfret-████ meeting from trial.  Flyp cannot provide any evidence that ████████ communicated any information related to the meeting to anyone involved in the development of Google Voice.  As the Court already noted, this failure of evidence makes the meeting irrelevant and unduly prejudicial, and requires preclusion of any evidence, testimony, or argument regarding that meeting.

THE COURT:  What I'm really waiting for you to tell me is what evidence you have that he communicated the information from Mr. Rinfret to anyone at Google that had anything to do with green-lighting this project or running the project or whatever the accused products are.

***

MR. JOHNSON:  Do I have direct evidence where  says I spoke to so-and-so at Google?  **I do not have that evidence.**"

PTC Tr. at 109:5-20 (emphasis added).

Flyp still does not have that evidence.   Instead, Flyp mischaracterizes ▮▮▮▮

deposition testimony in an attempt to cause confusion over ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮   But Flyp omits ▮▮▮▮   testimony that ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮   Tr. at 12:20-13:8 ("▮▮▮▮

▮▮▮▮▮▮▮▮").  Nothing Flyp now offers undermines the established

fact that Google Ventures ▮▮▮▮▮▮▮▮.

The date of Google Ventures' rebrand to GV has no bearing on ▮▮▮▮

▮▮▮▮▮▮.

Flyp next suggests that Google Ventures should be treated as part of Google Voice because

(a) ▮▮▮▮▮▮▮▮, and (b) ▮▮▮▮

▮▮▮▮▮▮▮▮   But the fact that Google and ▮▮▮▮ worked with

Flyp to make discovery less burdensome does not support Flyp's suggestion that Google Ventures

can somehow be linked to Google Voice.  And the ▮▮▮▮▮▮▮▮ does not

indicate any substantive interactions between ▮▮▮▮ and anyone at Google Voice.

Ultimately, even if taken as true, Flyp's present arguments do not change the basis of the

Court's ruling or make the Rinfret-▮▮ meeting probative in any way.  Even after having

deposed ▮▮▮▮ and numerous Google Voice employees, Flyp offers no evidence that ▮▮

████communicated any information from or about the meeting to anyone involved with Google Voice.  It thus remains clear that the only reason Flyp wishes to introduce the Rinfret-████ meeting is to confuse and prejudice the jury because Google Ventures includes "Google" in its name.

**Relief Requested:**   Google respectfully asks that the Court stand on its prior ruling precluding introduction at trial of any evidence, testimony, or argument regarding the November 2015 meeting.

## ORDERS

After considering the parties' respective position statements submitted to the Court by email on February 8, 2024, and oral argument during a Zoom hearing held on February 9, 2024, the Court orders the following:

Flyp's request for reconsideration of the Court's ruling granting Defendant's Motion in *Limine* No. 3 seeking to preclude the introduction at trial of any evidence, testimony, or argument regarding the November 2015 meeting is DENIED.

SIGNED this 16th day of February, 2024.


ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE