IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| FLYPSI, INC., (D/B/A FLYP), § § § § § § § § § § § | | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 6:22-cv-00031-ADA |
| GOOGLE LLC, | | JURY TRIAL DEMANDED |
| Defendant. | | |

**GOOGLE'S RESPONSIVE BRIEF REGARDING JURY INSTRUCTION NO. 22:
PRIOR USE DEFENSE TO INFRINGEMENT**

Flyp floated abandonment as an exception to Google's longstanding prior use defense on day four of trial through a newly proposed modification to the jury instructions. That was *the first time* Flyp's abandonment theory came up during the years-long pendency of this case. When confronted with the obvious prejudice to Google—which by then had already finished putting on all of its fact witnesses—Flyp rationalized by invoking burdens: "This is their burden, Your Honor. This is an affirmative part of the statute they must prove." Tr. 884:16–886:2, *see also* Tr. 889:6–890:8. And on that basis, the Court agreed to accept Flyp's late-breaking abandonment instruction. Tr. 941:8–943:25 ("I'm making this decision because I think it's Google's burden.").

But the issue is not so simple, and Google is not alone bearing a burden under § 273. Flyp bore a threshold burden of its own—a burden of production to properly raise abandonment under § 273(e)(4) as an exception to Google's prior use defense. Unless Flyp satisfied that initial burden, Google had no obligation to spin its wheels trying to forecast and disprove undefined abandonment theories. Such burden shifting applies in closely analogous contexts. *See Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1037 (Fed. Cir. 2001); *Arctic Cat Inc. v. Bombardier Recreational Prods.*

*Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). And it prevents exactly the type of inefficiency and prejudice inherent in Flyp's surprise abandonment theory here. The Court should apply the same approach and disregard Flyp's long overdue attempt to assert the statutory abandonment exception. Flyp did not, and at this point cannot, carry its burden of production to properly raise abandonment in this case.

To be sure, Google bears the ultimate burden of proving its prior use defense by clear and convincing evidence. 35 U.S.C. § 273(b). The statute sets forth the elements required for a defendant to "be entitled to a defense" based on prior commercial use. 35 U.S.C. § 273(a). In addition, the statute separately identifies several limitations and exceptions to that defense, including abandonment. 35 U.S.C. § 273(e)(1)–(5). While § 273 remains largely uncharted territory within the Patent Act,[1] analogous provisions that likewise establish exceptions to a claim or defense—including another exception premised on abandonment—require the party asserting such an exception to raise the issue and satisfy an initial burden of production to proceed.

For example, under pre-AIA § 102(g), a defendant can challenge the validity of an asserted pre-AIA patent based on prior invention by another. But the statute includes three exceptions to that invalidity defense: the earlier inventor must not have "*abandoned*, suppressed, or concealed" the purported prior-art invention. 35 U.S.C. § 102(g)(2) (emphasis added). In that context, the defendant raising § 102(g) as a defense always bears the ultimate burden of persuasion to prove invalidity by clear and convincing evidence. But the Federal Circuit has also held that, if the plaintiff wants to raise abandonment, suppression, or concealment to negate an asserted prior invention defense, it must satisfy its own burden of *production* as to those exceptions. *Apotex*, 254 F.3d at

---

[1] Google is not aware of any previous case in any court that has addressed the abandonment exception of § 273(e)(4).

1037; *see also Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300, 1304 (Fed. Cir. 2012); *Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1360 (Fed. Cir. 2006); *Dow Chem. Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1339 (Fed. Cir. 2001). Absent such an affirmative showing, the plaintiff may not go forward with attempting to defeat a § 102(g) defense based on alleged abandonment, suppression, or concealment of the prior invention.

The Federal Circuit has similarly allocated an initial burden of production to parties asserting failure to mark under § 287(a) as an exception to patent-infringement damages. Even though a defendant alleging insufficient marking has no burden of persuasion on the ultimate claim for damages, it nonetheless "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Only then must the plaintiff prove it had no marking obligation as to the specifically identified products. The Federal Circuit explained why such burden shifting is important—without initial notice, the marking exception "could lead to a large scale fishing expedition and gamesmanship," with the plaintiff left guessing about which products, if any, it needed to address with contrary evidence in its own case. *Id.* at 1368–69.

The same principles apply to the abandonment exception at issue here. While Google bears the ultimate burden of persuasion on its prior use defense, it was not Google's burden to prove a negative regarding each and every version and feature of Google Voice that Flyp *might someday argue* had been abandoned.[2] Otherwise, any defendant relying on the prior use defense would be put to a potentially endless guessing game during discovery and when presenting its case at trial.

---

[2] The Court noted that it would not make sense to impose on Google an independent burden to take up and disprove every exception listed in § 273(e) to prevail on its prior use defense. *See* Tr. 943:11–19 (referencing the exception under § 273(e)(5): "Well, you're not raising that, and they probably didn't think to put on any evidence of that. No one cares.").
-

-3-

And the immense prejudice Google now faces from Flyp waiting to articulate any abandonment theory until the middle of trial would become widespread and routine in cases involving § 273. In fact, Google *still* does not know, on the eve of closing, the details of Flyp's abandonment theory. Efficiency and fairness demand a different approach—one the Federal Circuit has already implemented in other like contexts.

Accordingly, Google respectfully submits the Court should conclude that Flyp bore an initial burden of production to articulate and support any abandonment argument it intended to pursue under § 273(e)(4) long before trial, and Flyp's choice to spring that issue on Google and on the Court for the first time during trial came far too late to satisfy that burden. The Court should therefore decline to present Flyp's proposed instruction on abandonment to the jury.

DATED:  February 25, 2024                Respectfully submitted,

*/s/Robert W. Unikel*
Robert W. Unikel (*Pro Hac Vice*)
robertunikel@paulhastings.com
John A. Cotiguala (*Pro Hac Vice*)
johncotiguala@paulhastings.com
Daniel J. Blake (*Pro Hac Vice*)
danielblake@paulhastings.com
Grayson S. Cornwell (*Pro Hac Vice*)
graysoncornwell@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Elizabeth Brann (*Pro Hac Vice*)
elizabethbrann@paulhastings.com
Ariell N. Bratton (*Pro Hac Vice*)
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Drive, Suite 350
San Diego, CA 92121

Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert R. Laurenzi (*Pro Hac Vice*)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Joshua Yin (*Pro Hac Vice*)
joshuayin@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Dan L. Bagatell (*Pro Hac Vice*)
dbagatell@perkinscoie.com
PERKINS COIE LLP
3 Weatherby Road
Hanover, NH 03755
Telephone: (602) 351-8250
Facsimile: (602) 648-7150

Andrew T. Dufresne (*Pro Hac Vice*)
adufresne@perkinscoie.com
PERKINS COIE LLP
33 E. Main St. Ste. 201
Madison, WI 53703
Telephone: (608) 663-7460
Facsimile: (608) 663-7499

Paige Arnette Amstutz
State Bar No.: 00796136
pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

*/s/Robert W. Unikel*
Robert W. Unikel
