## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **FLYPSI, INC. (D/B/A FLYP),** | Civil Action No. 6:22-cv-31-ADA |
| Plaintiff, | |
| vs. | **JURY TRIAL DEMANDED** |
| **GOOGLE LLC,** | |
| Defendant. | |

### FLYP'S RESPONSE IN OPPOSITION TO GOOGLE'S TRIAL BRIEF REGARDING JURY INSTRUCTION NO. 22: PRIOR USE DEFENSE TO INFRINGEMENT

Google's contention that the fourth day of trial is "*the first time* Flyp's abandonment theory came up" is wrong. ECF No. 285; Trial Day 4 Tr. at 889:22–890:2 ("This is the first mention of abandonment anywhere. **And I would challenge them to show anywhere in an interrogatory response, an expert report, a brief, anywhere where abandonment has been raised as an issue until the morning of the last witnesses in the case.**" (emphasis added)).

The Court, however, need look no further than Flyp's opposition to its motion for summary judgment on prior use, where Flyp asserted its abandonment position in clear, bold letters:

> **B.      There is substantial question of fact whether Google abandoned the pre-2013 version of Google Voice when it rewrote the server and client applications.**
>
> Google and Flyp have another fundamental dispute about whether Google modified the pre-2013 version of Google Voice to incorporate infringing subject matter or, alternatively, abandoned it entirely. The prior commercial use defense does not grant Google a general license to all claims under the Outbound Patents, and it explicitly does not give Google license to incorporate additional infringing subject matter. 35 U.S.C. § 273(e)(3). Moreover, "[a] person who has abandoned commercial use . . . of subject matter may not rely on activities performed before the date of such abandonment in establishing a defense [of prior commercial use] with respect to actions taken on or after the date of such abandonment." *Id.* § 273(e)(4).

1

ECF No. 174 at 10 (excerpted). There was no hiding the ball. Flyp argued in no uncertain terms that Google had "abandoned" the pre-2013 version of Google Voice and *explicitly* cited Section 273(e)(4)—the subsection entitled "Abandonment of Use." And Flyp went on to provide factual evidence indicating that Google Voice was abandoned, including that the product was overhauled in "a massive undertaking in 2015–2017, involving over a dozen engineers working full time to replace the pre-2013 version of Google Voice, including APIs that control data exchanges between the server and the applications." *Id.* at 10-12. The Court considered these arguments and denied Google's Motion. Pretrial Conference Tr. at 47:2-3.

Moreover, Flyp's contention that Google Voice was abandoned has been a theme since the beginning of the case Flyp cited on article (which it has also introduced at trial) to demonstrate that Google abandoned pre-2013 Google Voice. ECF No. 1 at ¶ 19 ("From 2012 until early 2017, Google made no major revision to Google Voice. Instead, according to industry observers, Google let Google Voice languish in disrepair for five years.") (citing https://gizmodo.com/five-years-later-google-finally-remembers-google-voice-1791532022); Trial Day 1, Tr. at 133:15–24 (admitting PTX 629).

During fact discovery, Flyp's 30(b)(6) notice identified topics relating to abandonment:

> 53. The facts and circumstances surrounding Your decision to rewrite the code underlying the Google Voice application, including Your reasons for rewriting the code, the costs of rewriting the code, the employee time involved in rewriting the code, and the identity of any new features implemented when the code was rewritten.

> 55. Your strategic plans, business plans, forecasts, revenue and/or projection, or budgets regarding the Accused Products and predecessor products from July 17, 2013, to the present.

Plaintiff Flypsi, Inc.'s Notice of Rule 30(b)(6) Deposition of Defendant Google LLC at ¶ 53, 55.

ECF No. 174 at 10. The record demonstrates Google had ample notice of abandonment. And exclusion of abandonment would *actually* prejudice Flyp because it put Google on notice *without even* bearing the burden to do so because prior use is Google's affirmative defense—a prior use that Google did not even plead, at that. ECF No. 245 (Jan. 12, 2024).

Recognizing there is no law on this issue, Google attempts to manufacture a burden of production for Flyp by arguing prior use is analogous to the burden-shifting framework of interferences under Pre-AIA Section 102(g) and marking under Section 287. *Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1037 (Fed. Cir. 2001); *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). But the above would satisfy any such burden of production—and there is no basis for applying one, in any event.

In the 102(g) context, the *challenger* of a patent bears the initial clear and convincing burden to prove that the invention was made in this country by another. *Apotex*, 254 F.3d at 1037. And a four-year delay from reduction to practice to filing date is considered "*prima facie suppression or concealment.*" *Paulik v. Rizkalla*, 760 F.2d 1270, 1272 (Fed. Cir. 1985) (emphasis added). Similarly, in the marking context, *Arctic Cat* provides that the *defendant* bears the initial burden of production—a low bar—to identify products it believes are unmarked "patented articles" subject to 35 U.S.C. § 287. *Arctic Cat*, 876 F.3d at 1368.

In the context of Section 273, the Federal Circuit recognizes as follows:

Congress has considered the implications of patenting secret processes, which prior innovators might often choose to conceal as trade secrets, and addressed the issue. As part of the AIA, § 5, 125 Stat. 284, 297-99, Congress revised 35 U.S.C. § 273 to create a prior-use defense for a defendant that "commercially used" a claimed "process" or "machine, manufacture, or composition of matter used in a manufacturing or other commercial process" "at least 1 year" before the earlier of the effective filing date of the claimed invention or a previous disclosure thereof.

*BASF Corp. v. SNF Holding Co.*, 955 F.3d 958, 968 n.8 (Fed. Cir. 2020). But even assuming, arguendo, that Flyp carries any initial burden of production (which appears inconsistent with the law), Flyp indisputably satisfied any such burden based on its Complaint, its briefing on summary judgment, and its 30(b)(6) deposition notice.

As previously indicated, Section 273 expressly requires that for the prior use defense to apply, the accused infringer's prior commercial use "**would otherwise infringe a claimed invention being asserted against the person**." 35 U.S.C. § 273(a) (emphasis added). Courts have construed the "otherwise infringe" requirement to prohibit applying the defense where less than the complete invention is used. *Pelican Int'l, Inc. v. Hobie Cat Co.*, No. 320CV02390RSHMSB, 2023 WL 2127994, at *18 (S.D. Cal. Feb. 10, 2023); *Allfasteners USA, LLC v. Acme Operations Pty., Ltd.*, 2021 WL 4027738, at *15 (C.D. Cal. May 25, 2021) (analyzing a prior use defense under Section 273(a) based on the specific asserted claims in the action); *Vaughan Co. v. Glob. Bio-Fuels Tech., LLC*, 2013 WL 5755389, at *11-12 (N.D.N.Y. Oct. 23, 2013) (same).

As stated in *Pelican*:

> When Section 273 uses the term "claimed invention," it describes it as the "claimed invention being asserted against the person" that the person "would otherwise infringe." 35 U.S.C. § 273(a). "It is a 'bedrock principle' of patent law that the 'claims of a patent define the invention to which the patentee is entitled the right to exclude.' " *Phillips*, 415 F.3d at 1312. As such, an infringement analysis requires a comparison of the properly construed claims to the allegedly infringing device or act. *Niazi*, 30 F.4th at 1350. And an infringement analysis is performed on a claim-by-claim basis. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001). Thus, a person can only "otherwise infringe" a particular claimed invention if the person's accused product or act meets each and every limitation in a particular claim or claims asserted against it. *See SIMO*, 983 F.3d at 1380; *Ericsson*, 773 F.3d at 1215.

2023 WL 2127994, at *19. What is identified to satisfy the "prior commercial use" requirement of Section 273 must meet all of the claim limitations of the claim for which the defense is asserted. *Id.* at *18 (holding that defendant's prior use defense based on its "development and prototyping

of two interfaces prior to the relevant date of July 9, 2017" **failed as a matter of law** because the defendant failed to offer **any evidence** that interface prototypes could satisfy the "watercraft" and "rigid body" limitations in the asserted claims). Consequently, use of only a component of the invention, even if the component is the most material aspect of the claimed invention, will not trigger the defense. *Id.*

Consistent with the statute's plain language, case law is clear the "good faith" requirement is **in addition to**—not a substitute for—the language of "that would otherwise infringe":

> Under 35 U.S.C. § 273, a party is entitled to a non-infringement defense with respect to a "composition of matter used in a manufacturing or other commercial process, <u>that would otherwise infringe</u> a claimed invention." A party claiming the non-infringement defense <u>must have acted in good faith</u> and commercially used the subject matter at least one year before the earliest effective date of the allegedly infringed patent. 35 U.S.C. §273(a)(1). "Commercial use," for the purposes of this defense, includes premarketing regulatory review. 35 U.S.C. §273(c)(1).

*Stoller Enterprises, Inc. v. Fine Agrochemicals Ltd.*, No. 4:20-CV-00750, 2023 WL 8283633, at *13 (S.D. Tex. Nov. 30, 2023).

Flyp's Jury Instruction 22 is not only proper, but Google has plainly failed to identify ***any*** reason why the Court should ***not*** include the abandonment instruction. Consequently, Flyp respectfully requests that the Court adopt Flyp's proposed Jury Instruction 22 as follows:

> Even if an Asserted Claim might appear to be infringed, there can be no infringement if Google proves that it commercially used the claimed invention in Google Voice, in good faith and in the United States at least one year before July 17, 2013. <span style="color:red">If Google abandoned commercial use of Flyp's Asserted Claims, Google may not rely on activities performed before the date of such abandonment in establishing a prior use defense.</span>

Flyp's proposed jury instructions more closely aligns with the plain language of the statute and the relevant authorities on the issue.

**DATED:** February 25, 2024

Respectfully submitted,

*/s/ Michael A. Bittner*
**Thomas M. Melsheimer**
Texas Bar No. 13922550
tmelsheimer@winston.com
**M. Brett Johnson**
Texas Bar No. 00790975
mbjohnson@winston.com
**Michael A. Bittner**
Texas Bar No. 24064905
mbittner@winston.com
**C. Charles Liu**
Texas Bar No. 24100410
ccliu@winston.com
**Steven R. Laxton**
Texas Bar No. 24120639
slaxton@winston.com
**John K. Myers** (admitted *pro hac vice*)
Texas Bar No. 24137074
jmyers@winston.com
**WINSTON & STRAWN LLP**
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500

**Matthew R. McCullough**
California Bar No. 301330
mrmccullough@winston.com
**WINSTON & STRAWN LLP**
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
Telephone: (650) 858-6500

**William M. Logan**
Texas Bar No. 24106214
wlogan@winston.com
**Evan D. Lewis**
Texas Bar No. 24116670
edlewis@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2766

**ATTORNEYS FOR PLAINTIFF**

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.  Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Western District of Texas, Section 14.

/s/ *Michael A. Bittner*
Michael A. Bittner