IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **FLYPSI, INC. (D/B/A FLYP),**<br><br>       Plaintiff,<br><br>vs.<br><br>**GOOGLE LLC,**<br><br>       Defendant. | Civil Action No. 6:22-cv-00031-ADA<br><br>**JURY TRIAL DEMANDED** |

## ORDER ON PROTECTIVE ORDER DISPUTE

Before the Court is a dispute submitted by the parties via an email on April 30, 2024, regarding Defendant Google LLC's ("Google") request that the patent prosecution and patent acquisition bars of the Protective Order (Dkt. 98) should apply to Plaintiff Flypsi, Inc.'s ("Flyp") corporate representative at trial, Mr. Peter Rinfret. The Court conducted a hearing on May 20, 2024, and after considering arguments of counsel and the parties positions as submitted via email and summarized below, the Court rules as follows:

### Google's Position

The Court should deny Flyp's request to excuse Mr. Rinfret from his obligations under the Protective Order (Dkt. 98) that was jointly prepared by the parties and entered by this Court. Mr. Rinfret read the terms of the PO and explicitly agreed to be bound by them. Mr. Rinfret reaffirmed his commitment to be bound by the terms of the PO by remaining in the courtroom each and every time the Court instructed that anyone not bound by the PO leave the courtroom when the trial proceedings were sealed. Mr. Rinfret was repeatedly exposed to Google's Highly Sensitive

Material (Dkt. 98 at paragraph 13), including highly technical information and source code related to the functionality of the accused product, during the sealed trial proceedings. Thus, Mr. Rinfret's obligations relating to the patent prosecution and acquisition activities discussed in paragraphs 13 and 14 of the PO are in effect. Google is likely to suffer severe prejudice if Mr. Rinfret is allowed to prosecute and/or acquire additional patent assets armed with highly confidential knowledge of the inner workings and economics of Google's products, particularly where prosecution is ongoing for the asserted patent family. This is precisely why the limitations were agreed to by the parties and the Court up front.

After the trial concluded, Flyp contended for the first time that only the obligations in paragraphs 13 and 14 do not apply to Mr. Rinfret because he attended trial as Flyp's corporate representative. Flyp's untimely and arbitrary position should not be countenanced. If Flyp believed that Mr. Rinfret should have been excused from any or all of his obligations under the PO, it could have and should have raised the issue before or during trial. Even more troubling, when Google reminded Flyp of Mr. Rinfret's obligations after trial, Flyp contended that it was Google's burden to show Mr. Rinfret had any such obligations. Flyp cannot unilaterally—and silently—pick and choose which obligations Mr. Rinfret will honor.

Moreover, Mr. Rinfret should not be excused from his obligations under the PO simply because he was a corporate representative at trial. As the Court explicitly noted, being bound by the obligations in the PO was the price of admission to the sealed trial proceedings in order to protect the confidential information of all parties. And the detailed technical and source code information Mr. Rinfret was exposed to during the sealed trial proceedings is precisely the type of exposure that the parties contemplated warranted limitations on patent prosecution and acquisition activity. Flyp's ongoing prosecution of the asserted patent family, including potential amendments

to the asserted patents themselves via reexamination/reissue following the pending IPRs, could result in further litigation against Google. Mr. Rinfret's participation in those efforts prejudices Google in further litigation, and risks public disclosure of Google's confidential technical processes even without further litigation. Mr. Rinfret should remain bound to all of his obligations under the PO, including paragraphs 13 and 14, just like all attorneys, staff, experts, and consultants in this case.

*Relief Requested:*  Find that good cause does not exist to excuse Mr. Rinfret from his obligations in paragraphs 13 and 14 of the Protective Order, and deny Flyp's request.

**Flyp's Position**

The Protective Order uses a 4-tier system and permits one corporate representative to receive the lowest tier. (PO at 6(d)). Mr. Rinfret was designated to receive this lowest-level information. But Google designated none of its production under this tier. Google's entire production was public or designated under higher tiers.

Thus before trial, Rinfret had zero information designated by Google and no right whatsoever to information triggering the bars under ¶¶ 13-14, which explicitly are limited to the highest 3-tiers. Paragraph 13 in particular requires that an individual be "permitted to receive" such material, and Rinfret had no such right before trial.

Once the jury was empaneled, Flyp was permitted, as a matter of due process and constitutional right, to be present at trial. *Fillippon v. Albion Vein Slate Co.*, 250 U.S. 76, 81 (1919); *Preferred Prop., Inc. v. Indian River Estates, Inc.*, 276 F.3d 790, 797 (6th Cir. 2002). Flyp exercised this through Rinfret. Fed. R. Evid. 615, Note ("As the equivalent of the right of a natural-person party to be present, a party which is not a natural person is entitled to have a representative present.").

Google now seeks to punish Flyp by using Flyp's exercise of its constitutional rights and affirmatively seeks to apply the bars in paragraphs 13 and 14 to Rinfret. But, pursuant to paragraph 21, the PO is explicitly limited to pretrial discovery and does not abrogate either party's rights at trial. Similarly, paragraph 31, states that "[n]othing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable . . . trial privilege." By the PO's own terms, Flyp's exercise of its trial rights should not limit Rinfret going forward. The bars under paragraphs 13-14 cannot attach to Rinfret based only on his trial participation.

Even if the Court finds otherwise, good cause exists to excuse Rinfret. Rinfret did not receive any triggering material before trial and still has no access to any demonstratives or exhibits (or even notes) containing such. There is no prejudice to Google. Google already infringes Flyp's patents. No further prosecution is necessary vis-à-vis Google. Flyp is a small organization and Rinfret is the only employee who can both effectively participate in trial and guide Flyp's ongoing patent campaign; barring Rinfret from participating in his Company's patent prosecution could materially damage Flyp. Google's position thus threatens Flyp's business, curtails future patent rights, and harms future litigation against other infringers. Google was aware that Rinfret had only been designated for the lowest tier of information, and yet did not seek his exclusion from proceedings. Rinfret would have willfully vacated the courtroom when it asked the public to do so had Google taken this position or made this request during trial. Google has waived the arguments it now presents, which is compounded by Google's one-month delay to bring this issue to the Court.

*Relief Requested:* The Court should reject Google's attempt to impose the burdens of paragraphs 13 and 14 of the PO on trial representatives based on nothing more than their rightful

participation in trial.  Alternatively, the Court should find that good cause exists to excuse Flyp's trial representative for the bars imposed by those paragraphs.

## ORDER

The Court has considered the parties' positions and is of the opinion Google's request should be **DENIED** and Flyp's alternative request to excuse Mr. Rinfret from paragraphs 13 and 14 of the Protective Order should be **GRANTED**.

In the Court's view, the Protective Order by its terms, both the provisions cited by Flyp as well as the whereas clause at the beginning of it, evidences the parties' belief that the Protective Order is intended to cover discovery. The Court agrees that the plain language of the Protective Order makes it applicable to discovery. Further, the Court sees no evidence that the trial court engaged in the more arduous process required for carrying these additional patent prosecution and acquisition restrictions into trial. *See Bin Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021) (cautioning against allowing confidentiality that is permissible during the discovery stage to carry over to the adjudicative stage without a more arduous analysis of the need for confidentiality).

Alternatively, because of Mr. Rinfret's background as a businessman rather than the technical expert, to the extent that these bars would apply to information gleaned by him at trial, and because Mr. Rinfret only received information through the testimony at trial rather than having received actual documents pre- or post-trial, the Court finds there is good cause to excuse him from the requirements in paragraphs 13 and 14 of the Protective Order.

For clarity, the Court further orders that Mr. Rinfret is still bound by all provisions of the Protective Order (for pretrial, trial, and post-trial proceedings), except paragraphs 13 and 14, including the confidentiality obligations, and that Mr. Rinfret cannot use any "Confidential"

Google information that he learned during this case, including during the sealed trial proceedings, in his patent prosecution and acquisition activities.

Accordingly, the Court **ORDERS** that paragraphs 13 and 14 of the Protective Order (Dkt. 98) do not apply to the information Mr. Rinfret received during trial and, as such, he is not barred from any patent prosecution as well as acquisition activities.

**SIGNED** this 31st day of May, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE